GILLIAM, RESPONDENT, *v.* BLACK, APPELLANT.

[Submitted April 14, 1895. Decided May 20, 1895.]

MECHANICS' LIEN—*Parties defendant—Agency—Pleading and proof.*—When plaintiff, in an action to foreclose a mechanics' lien, alleged a contract with the defendant for the work sued for, but proved a contract with another person not a party to the action and between whom and defendant no agency existed, a non-suit should have been granted.

SAME—*Parties defendant—Personal judgment.*—In an action to foreclose a mechanics' lien the party with whom the plaintiff contracted is a necessary party to the suit and the only party against whom the plaintiff is entitled to a personal judgment. (*Duignan v. Montana Club, ante,* page 189, cited.)

APPEAL—*Review of evidence—Errors of law.*—It is no objection to the review of evidence contained in a statement on appeal that the appeal was not taken within sixty days from the rendition of judgment as required by section 421 of the Code of Civil Procedure, where the evidence is examined for the purpose of determining errors of law presented by the record,—as the refusal of a nonsuit and the giving of instructions.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION to foreclose mechanics' lien. Judgment was rendered for the plaintiff below, by BENTON, J., sitting in place of ARMSTRONG, J. Reversed.

*Luce & Luce,* for Appellant.

*Will G. Fleischauer,* for Respondent.

PEMBERTON, C. J.—This is an action to foreclose a mechanic's lien. The complaint alleges a contract with the defendant, under which plaintiff claims to have performed labor and services for him in the erection and construction of a certain building in the town of Belgrade, in Gallatin county, at the agreed price of $3.50 per day, payable on demand, after the completion of the work. The complaint alleges a demand, and failure to pay, and is otherwise, in substance, such as is commonly used in such cases. The answer denies every material allegation in the complaint. The case was tried to a jury, and a general verdict was rendered in favor of the plaintiff. The defendant appeals from the judgment.

The principal error assigned is the action of the court in

overruling defendant's motion for a nonsuit at the close of the plaintiff's testimony. The complaint alleges a contract with the defendant for the performance of the work sued for, and for which plaintiff claims his lien. The evidence of the plaintiff showed positively that he did not make the contract with the defendant, but with one Alexander Brothers, who is not made a party; nor is there the slightest evidence that Brothers is the agent of defendant. In fact, the evidence is positive that no such agency existed. Upon this showing, defendant moved for a nonsuit. We think the motion should have been sustained. Without question, it devolved upon the plaintiff to prove the contract for labor, as alleged in the complaint. If the contract was not made, as alleged, with defendant, but, as the evidence conclusively shows, with Brothers, then Brothers was a necessary party to the suit. Brothers, being the contractor, was the only party against whom plaintiff was entitled to a money or personal judgment. (Comp. St. p. 1032, § 1379.) The property of the defendant could only be sold to satisfy any lien plaintiff showed himself entitled to, in the event he could not satisfy his judgment against Brothers out of property belonging to him. The defendant, not being the contractor, was not primarily liable to plaintiff; nor, under such circumstances, was plaintiff entitled to a personal judgment against him. (Id. §§ 1383, 1384; *Duignan* v. *Montana Club*, *ante*, page 189.) The defendant also moved for judgment notwithstanding the verdict. The grounds of this motion were substantially the same as contained in the motion for nonsuit. This motion was overruled. This is assigned as error. But, after what has been said as to the ruling on the motion for nonsuit, it is unnecessary to treat this assignment.

The instructions to the jury ignored the necessity of making Brothers a party, and were, in effect, that plaintiff was entitled to a personal judgment against the defendant, notwithstanding the evidence showed he was not a party to the contract sued on. The giving of these instructions is assigned as

error.    We think, from what has been said above, that they were manifestly erroneous.

The respondent contends that the only question presented by this appeal is as to whether the evidence supports the judgment, and that under section 421, Code Civ. Proc., the evidence cannot be reviewed, because the appeal was not taken within 60 days from the rendition of judgment.    We cannot agree with this contention.    There are errors of law assigned, such as we have treated above.    In order to determine these questions of law, we are compelled to examine the evidence. The sustaining or refusing a motion for nonsuit is a matter of law.    (*Kleinschmidt* v. *McAndrews*, 117 U. S. 282, 6 Sup. Ct. 761.) The giving or refusing of instructions is a matter of law.    To determine whether they were properly or erroneously given or refused, necessarily involves an examination of the evidence.    The evidence is embodied in the statement on appeal, and we think may be properly examined to determine the errors of law presented by the record.

The judgment is reversed, and the cause remanded.

*Reversed.*

DeWitt and Hunt, JJ., concur.