### SAMUEL C. TAYLOR v. WILLIAM F. WAHL.

Argued February 19, 1903—Decided June 8, 1903.

1. An owner sued by a workman or materialman, on a notice and demand of payment, under the third section of the Mechanics' Lien law, may plead that there was due at the time of the service of the notice by the claimant "a sum less than the amount claimed in said notice and demand." Such a plea is not demurrable.
2. The fact that the declaration recites that after the notice and demand, and before commencing the suit, the claimant had obtained a judgment against the contractor for the amount claimed, does not defeat such a plea. Such a statement in the declaration is surplusage, being merely a statement of the plaintiff's evidence.
3. A judgment by a claimant against the contractor is not *conclusive* upon the owner. It may be offered as evidence of the amount due, but it will not prevent the owner from showing the truth to be that the claim made is knowingly excessive to the knowledge of the claimant.
4. The conclusion here reached we think to be in conformity with the principles declared in *Reeve* v. *Elmendorf,* 9 *Vroom* 125, and *Camden Iron Works* v. *City of Camden,* 52 *Atl. Rep.* 477.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff and demurrant, *George A. Bourgeois.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

FORT, J. This was a suit upon a notice given under the third section of the Mechanics' Lien act. The defendant is the owner of premises being erected under contract. The declaration recites the service of the notice and alleges that there was due to the contractor by the defendant, the owner, upon the contract, money in excess of the amount demanded by the notice. The declaration alleges that after the giving of the notice and before the suit was instituted the plaintiff

established his debt as claimed in the notice by obtaining a judgment thereon against the contractor.

The defendant's sixth plea is, in part, as follows: "And for a further plea in this behalf, by leave of the court for this purpose first had and obtained, defendant says that at the time of the alleged demand made by the plaintiff on the said Crammer, and that at the time of the alleged demand made by the plaintiff on this defendant, there was due from said Crammer to said plaintiff a sum less than one thousand dollars, the amount claimed in said notice and demand, to the knowledge of this defendant."

This is a sufficient recital from the plea.

The plea contains other matters which are mere surplusage and might have been omitted, and concludes with a verification and prayer for judgment.

To this plea the plaintiff demurs.

The demurrer cannot be sustained.

The contention of the plaintiff on the brief that, because he has set out in his declaration that before suit brought, he had obtained judgment against the contractor for the amount stated in his notice, and hence, under *Reeve* v. *Elmendorf,* 9 *Vroom* 125, his claim is conclusive upon the defendant, is not sustainable. Whatever force this judgment may have as evidence in the cause it is unnecessary to here discuss. It was not necessary to recite it in the declaration, and it is a mere statement of evidence therein.

The sixth plea avers that at the time the demand was made by the plaintiff upon the defendant, by the notice set out in the declaration, "there was due from the said contractor to the said plaintiff *a sum less* than one thousand dollars, the amount claimed in said notice and demand, to the knowledge of this defendant."

The demurrer admits this statement, viz., that there was due to the plaintiff "a sum less than one thousand dollars, the amount claimed in the notice," &c.

That admission is fatal. If there was less due the plaintiff than his notice called for, his whole claim falls. He makes an excessive claim at his peril. The owner is not liable to

answer for any amount, where the claimant seeks to impound more money than is actually due him.

Chief Justice Beasley, in *Reeve* v. *Elmendorf, supra,* says: "In view of the just rights of the contractor, as the owner is obliged to be satisfied of the correctness of the claim of the materialman or workman before he pays it, it follows that neither of the latter can sue the owner without first establishing, to the exclusion of all reasonable doubt, the justness of his claim. * * * But so long as an honest, which is the same thing as a reasonable, dissatisfaction exists on the part of the owner, with respect to the fairness of the debt claimed, he is not suable under this clause."

For the plaintiff to admit, as the demurrer does, that his notice to the owner (the defendant) was for more than was actually due him from the contractor, is to admit he has no cause of action, for, says Chief Justice Beasley at another point in the same opinion, quoted from above: "If the workman or materialman claim therefor more than has in fact been earned by him, such exaggeration is, I think, fatal to his right to use the statutory procedure against the owner." Nor do we think the owner is bound by the fact that a judgment has been recovered against the contractor by the claimant. The recovery of such a judgment is evidential of the amount due on his claim, and, without other proof, may be conclusive. But it does not prevent the owner from showing at the trial the truth to be that the claim is excessive and the judgment thereon is likewise so or that it is fraudulent. The owner is in a position where other workmen and materialmen may claim that a duty is cast upon him to see that the claim made is just, because, if unjust, they may have rights in the fund. He may not be compelled to contest, or liable to other claimants who may be subsequent in priority of claim, if he fail to do so, that is not decided, but he certainly has the right to contest the claim made in any notice, similar to the notice of the plaintiff in this case, and if it appear by the proof uncontroverted, or the jury so find, that the claim as made is excessive, to the knowledge of the claimant, the claimant cannot recover anything, and the owner is entitled to a verdict

and judgment thereon in his favor. The principle controlling in such a case as this is the same as that declared by the Court of Errors and Appeals to apply where a notice to hold back is given to a city by a claimant against a contractor upon work done under a public contract. *Camden Iron Works* v. *Camden,* 19 *Dick. Ch. Rep.* 743.

The demurrer will be overruled, with costs, but leave is given to the plaintiff to plead issuably within twenty days after entry of the rule overruling his demurrer.