WAGNER, RESPONDENT, v. ST. PETER'S HOSPITAL, APPELLANT.

(No. 2,055.)

(Submitted December 21, 1904. Decided March 13, 1905.)

*Building Contract—Performance—Judgment by Subcontractor Against Principal Contractor—Res Judicata—Evidence—Sufficiency—Corporation—Authority of Trustees—Ratification—Burden of Proof—Answer—Failure to Deny Allegations—Effect.*

Building Contracts—Subcontractor—Judgment—*Res Judicata*—Owner.
   1. Where a subcontractor did the painting of a building for the contractor who had undertaken the construction of the entire building, a judgment in favor of the subcontractor, in a suit by him against the principal contractor to recover on account of the work

done, is not *res judicata* as to the owner, so as to bar litigation of the question, between the owner and the principal contractor, whether the painting was done in accordance with the principal contract.

Corporations—Trustees—Powers.

2.   A corporation is not liable on an agreement made by one or two of its trustees, in the absence of authority to bind the corporation having been delegated to such trustees, or ratification of the agreement by the corporation.

Action on Building Contracts—Corporation—Liability—Burden of Proof.

3.   In an action to recover an alleged balance due on a contract for the construction of a building for a corporation, in which plaintiff sought to establish the liability of the defendant corporation for money paid in excess of a specified sum for work done by a particular person at the request of the architects, by showing consent of one or two of the defendant's trustees to the agreement, the burden was on plaintiff to show the authority of the trustees, or ratification of the agreement by the corporation.

Action on Building Contract—Lien—Pleadings—Answer—Replication.

4.   Where a building contract provided that the owner might protect itself against any lien which might be filed on the building by withholding from the contractor a sum sufficient to liquidate the same, and in an action by the contractor to recover an alleged balance due on the contract, the defendant alleged in its answer that a lien was filed for a certain sum and was paid by the defendant, the failure of the plaintiff to deny the allegations by his replication entitled the defendant to a deduction from the contract price in the amount of the lien discharged.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Edward Wagner against St. Peter's Hospital. From the judgment, defendant appeals. Reversed.

*Messrs H. G. & S. H. McIntire,* for Respondent.

The hospital was identified with Wagner in interest as to the subject matter of the suit of *Streets* v. *Wagner.* The painting work was a part of the contract between Wagner and the hospital. The question whether or not Streets had done his work according to his contract with Wagner, and the result of the trial of that question necessarily determined the question as to Wagner's having performed his principal contract with the hospital. The litigation of this question by Wagner was for the benefit of the hospital. So likewise was every particle of work done by Wagner and his subcontractor under the contract. The hospital was directly interested in the subject matter of the suit of *Streets* v. *Wagner;* it had no-

tice of that suit; and two of its trustees, Mr. Day and Mr. Wickes, testified as witnesses upon the trial in favor of the defendant. The hospital under our intervention statute, Code of Civil Procedure, section 589, could have been made a party, and as such could have had the right to adduce testimony, to cross-examine witnesses adduced on the other side, to make defense, control the proceedings and appeal from the judgment. (*Shoemake* v. *Finlayson,* 22 Wash. 12, 60 Pac. 50; *Douthitt* v. *MacCulsky,* 11 Wash. 601, 40 Pac. 186; *Castle* v. *Noyes,* 14 N. Y. 329; *Glide* v. *Dewey,* 83 Cal. 477, 23 Pac. 706-709; *Murray* v. *Lovejoy,* 2 Cliff, 191, 17 Fed. Cas. No. 9963.)

When a party is responsible over to another, either by operation of law or by contract, and such party has notice of the action and an opportunity to participate in the trial of the case, the judgment rendered is binding upon the party who is ultimately responsible in the case. (2 Black on Judgments, sec. 574; Freeman on Judgments, secs. 174-179.)

A very frequent illustration of this proposition of law is found in cases where municipal corporations are sued for injuries caused by obstructions in the streets, and after judgment against the corporation, numerous cases are found wherein the corporation has sued the author of the obstruction, and the judgment in the first-mentioned suit has been held *res judicata* in the second suit. (2 Dillon on Municipal Corporations, sec. 1035, and cases cited; *Washington Gas Light Co.* v. *Dist. Col.,* 161 U. S. 316, 16 Sup. Ct. 564; *Robbins* v. *Chicago,* 4 Wall. 657.)

Counsel for appellant say that this doctrine of liability over is confined to actions of tort, and that counsel have been unable to find a case applying the rule, except those in which tort was the basis of the action. But this doctrine is not limited to actions of tort. Wherever the parties sustain to one another the relation of principal and agent, principal and surety, master and servant, employer and employee, insurer and reinsurer, or contractor and subcontractor, and there is a liability

over, either by contract or operation of law, the rule applies, (*Barney* v. *Dewey,* 13 Johns. 224, 7 Am. Dec. 372; *Drennan* v. *Bunn,* 124 Ill. 175, 16 N. E. 100; *Carleton* v. *Lombard,* 149 N. Y. 137, 43 N. E. 422; *Strong* v. *Phoenix Ins. Co.,* 62 Mo. 289, 21 Am. Rep. 417; *Commercial Union Assur. Co.* v. *American Cent. Ins. Co.,* 68 Cal. 432, 9 Pac. 712; *Bridges* v. *McAllister,* 106 Ky. 791, 90 Am. St. Rep. 267, 51 S. W. 603, 45 L. R. A. 800.)

*Messrs. Carpenter, Day & Carpenter,* for Appellant.

The only persons as to whom judgments are conclusive are (1) parties and their successors in interest by title subsequent to the commencement of the action (section 3196, Code of Civil Procedure), and (2) those to whom the parties to the record stand in the relation of a surety.   It was contended in the court below, and the court based its rulings upon the contention, that the contractor was, as to the subcontractor, a surety for the owner, and therefore the case came within the provisions of section 3200.   In support of this contention, among others, the case of *Hoppaugh* v. *McGrath,* 53 N. J. L. 81, 21 Atl. 106, was the principal case cited, to the effect that where one was liable over to another, the former is bound by a judgment establishing the liability of the latter.   It will be noted that the case of *Hoppaugh* v. *McGrath* was an action in tort.   In such actions the liability is clearly recognized.   But in actions on contract no such rule applies.   There the liability is based upon the terms of the contract, and one not a party to the record is not bound by it unless he has contracted in specific terms so to be bound.   (*Pico* v. *Webster,* 14 Cal. 203, 73 Am. Dec. 647; *Rodini* v. *Lytle,* 17 Mont. 448, 43 Pac. 501.)   This rule is expressed in the terms of section 3200, and unless the party on the record stands in the relation of surety for another, such other person is not conclusively bound. But the suretyship here spoken of is a contractual relation, and not one arising from liability over for one's own wrong, as in the case of torts.   The term "surety" is here used in its

legal sense and must be given its known legal meaning. (26 Am. & Eng. Ency. of Law, 2d ed., 607.)

The relationship of surety does not exist between the owner and the contractor with reference to the latter's liability to the subcontractor. No privity of contract exists between the owner and the subcontractor. In fact the owner is not liable to the subcontractor at all. The lien given to the subcontractor is a lien upon specific property, and thus negatives any general or personal liability of the contractor. And this liability can only be enforced in an action to which the contractor is a party, and in which he is the principal debtor. (*Gilliam* v. *Black,* 16 Mont. 217, 40 Pac. 303; *Estey* v. *Hallack etc. Lumber Co.* (Colo. App.), 34 Pac. 1113.) In New Jersey, which has the system of direct liens to subcontractors in force in Montana, it has been held, in an action to enforce the lien, that a judgment recovered by the subcontractor against the contractor is not binding upon the owner, when he was not a party to the proceedings. (*Taylor* v. *Wahl,* 69 N. J. L. 471, 55 Atl. 40.) If such a judgment is not conclusive in an action to enforce the lien given by statute upon the specific improvement, with much less reason can it be argued that it is conclusive in this action.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court. Appeal from a judgment.

The suit was to recover a balance alleged to be due on a contract for repairing and altering St. Peter's Hospital, in the city of Helena. The full contract price was $4,748, of which the defendant had paid the sum of $4,348, but refused to pay the balance of $400, because it claimed that plaintiff had failed to fully complete his contract.

Plaintiff alleges that he entered into a subcontract with one Burley R. Streets to do the painting according to the specifications, and under the directions and to the satisfaction of the architects, and "which painting was thereafter done and performed by said Streets"; that thereafter Streets commenced

an action against plaintiff to recover the contract price of $350; that appellant had full notice of such suit; that Streets recovered a judgment against plaintiff for $371.50 damages and $26.80 costs of suit; that by said judgment it was in effect decided and determined that Streets had fully and completely performed his said subcontract for painting according to the specifications for said work; that plaintiff had paid such judgment; that he had furnished all materials and performed all the work under and in pursuance of said contract, and had duly completed the same, and in all respects fully performed all the conditions of said contract on his part to be performed; wherefore he prayed judgment for $400, the balance due on the contract, and the further sum of $26.80 which Streets had recovered against him for costs, together with interest. It is apparent from this complaint that plaintiff relied on the Streets judgment as being *res adjudicata* against appellant on the proposition that plaintiff had fully performed his contract.

The appellant filed its answer, and denied that the judgment of Streets against the plaintiff was *res adjudicata* against it at all; and for further answer alleged, after setting forth a portion of the contract between it and plaintiff, that he failed to complete the painting specified in the contract and specifications, and that it had demanded of him that he do such painting; that he had refused, and that it had caused the same to be completed at a cost of $305. The answer further alleged that plaintiff had entered into a subcontract with one Gust G. Minter for placing a roof on the building, at a price of $159.25, and that plaintiff failed to pay Minter any amount other than the sum of $110; that Minter filed a mechanic's lien for the balance of $49.25, which the appellant paid in order to release the lien, and alleged that under the terms of the contract it was entitled to retain that amount out of any moneys due plaintiff on the contract. It was then alleged that there was only a balance of $44.75 due the plaintiff, which it was ready and willing to pay, and admitted that plaintiff was entitled to a judgment for that amount. In the replication a

portion of this new matter was denied, and a portion admitted. The cause came on for trial before a jury. After the presentation of plaintiff's testimony, counsel for defendant requested the court to instruct the jury to find a verdict for plaintiff for the sum of $44.75, which request was refused. Defendant offered no testimony. The court, upon request of plaintiff, instructed the jury to bring in a verdict for him for the sum of $400. Such verdict was rendered, and a judgment entered thereon, from which this appeal is taken.

The main question presented in the briefs of the respective counsel, and on their argument before this court, was as to the effect of the Streets judgment, counsel for appellant contending that said judgment was not *res adjudicata* against it for any purpose, and counsel for respondent contending that said judgment was *res adjudicata* as to the proposition that the contract between the appellant and respondent had been fully performed.

Counsel for respondent cite to the court and rely very strongly upon, the case of *Hoppaugh* v. *McGrath,* 53 N. J. L. 81, 21 Atl. 106, as being conclusive upon this proposition in their favor. An examination of this decision leaves us of the opinion that it has no bearing upon the case at bar. In that case A, the owner of property, let a contract to B to erect certain buildings thereon. B subcontracted with C to do the masonry work. A sued B for breach of contract because of defective masonry work. B notified C of the pendency and object of this suit, and called on him to come in and help defend it, which C disregarded. A recovered a judgment. B then sued C for breach of contract because of defective masonry work, and the court held that the judgment of A against B was conclusive against C. We are of the opinion that this decision is correct, on the principle that C, by failing to perform his contract with B, to B's damage, and having notice of A's suit, was liable therefor. A recovered a judgment against B for a breach of the contract between them. This breach was caused by the act of C, and he was clearly

liable over to B for whatever damages A sustained because of such breach. The case comes clearly within the principles uniformly adopted and enforced in cases where a city is held liable for negligence occurring through the fault or act of some third person, and other cases of similar character. In such cases such third party is always liable over, upon the principle that, except for his act, no liability whatever would have existed. The same court which decided the *Hoppaugh Case* afterward held that a judgment procured by a subcontractor against the principal contractor, for which the subcontractor sought to enforce a lien against the owner of the premises, was not conclusive upon such owner, and says: "Nor do we think the owner is bound by the fact that a judgment has been recovered against the contractor by the claimant. The recovery of such judgment is evidential of the amount due upon his claim, and, without other proof, may be conclusive. But this does not prevent the owner from showing that the claim is excessive, and the judgment thereon is likewise so, or that it is fraudulent." (*Taylor* v. *Wahl,* 69 N. J. L. 471, 55 Atl. 40.) Counsel for respondent says that this opinion does not refer to the *Hoppaugh Case,* and therefore does not overrule it. There was no occasion to refer to that case or overrule it. These decisions are entirely consistent with each other, and, in our judgment, properly announce the law.

There is a vast difference between the *Hoppaugh Case* and the one under consideration, as is recognized in *Taylor* v. *Wahl, supra*. Here the appellant has done nothing by which the subcontractor was wronged or injured. No contract relation existed between them, either express or implied. By virtue of the contract between appellant and respondent, and the statutes of this state, Streets, the subcontractor, by a proper proceeding might have made appellant's property liable for his claim against respondent, if it was not paid or liquidated, but under no circumstances could Streets make appellant personally liable to him for any amount. There was no liability over to respondent. Appellant could not have legally inter-

vened in, become a party to, or entitled to say or do anything in the suit of Streets against respondent, because it had no interest therein, and was and could not be made liable thereon. It was a stranger to that suit, and not privy to either party, or in any way or manner interested therein.

Suppose, by the contract between respondent and Streets, he was only to paint the outside of the building; suppose Streets performed such contract; his work would not include all the painting provided for by the contract between appellant and respondent. Could a judgment in Streets' favor against respondent, upon the theory that he (Streets) had fully performed his contract, be binding upon appellant? It could not have the effect of concluding appellant to the extent that respondent had fully performed his contract with appellant. If not, upon what theory could a judgment of Streets against respondent be binding upon appellant, if the contract between Streets and respondent was identical with the contract between appellant and respondent? Appellant would have no more to do with the contract between respondent and Streets in one instance than in the other. Appellant could not enforce any contract between respondent and Streets, and could have no action against Streets for a breach thereof. Streets' breach of such contract could not relieve respondent from a judgment for damages in favor of appellant for a breach of his contract with it, even though such breach was occasioned by Streets. Appellant might sue respondent and recover from him damages for such breach. Respondent would be bound under his contract with appellant to fully perform its terms before he could maintain an action upon it.

In order to enable Streets to enforce a lien upon appellant's property, he would be compelled to make respondent a party to that suit, and litigate with him the correctness of his account, if respondent disputed it. As well said by this court in the case of *Missoula Merc. Co.* v. *O'Donnell,* 24 Mont. 74, 60 Pac. 594, 597: "The O'Donnells were not made parties. Under the proof in the record, E. C. O'Donnell contracted the debt

for the materials furnished by the plaintiff and became personally liable to pay it.   This debt is the only foundation there is for this suit.   If there is no debt, there can be no lien.   The existence of the lien depends upon the existence of the debt, for which it stands as security.   It cannot be enforced until the fact of the indebtedness be shown.   This fact cannot be shown except in proper judicial proceedings for that purpose, to which proceeding the debtor is made a party.   In other words, no judgment can be rendered or enforced in any case until the debtor is made a party to the proceeding, and the fact and amount of his liability are judicially ascertained.   (*Gilliam* v. *Black,* 16 Mont. 217, 40 Pac. 303; *Kerns* v. *Flynn,* 51 Mich. 573, 17 N. W. 62; *Vreeland* v. *Ellsworth,* 71 Iowa, 347, 32 N. W. 374; *Lookout Lumber Co.* v. *Mansion Hotel etc. Ry. Co.,* 109 N. C. 658, 14 S. E. 35; *Simickson* v. *Lynch,* 25 N. J. L. 317; *Estey* v. *Lumber Co.,* 4 Colo. App. 165, 34 Pac. 1113.)   The lien is not in any sense the, or any, cause of action.   It is merely an incident, ancillary or subsidiary to the main fact—which is the debt.   The creditor may waive his lien—the incidental right—and pursue the debtor upon his personal liability, but he cannot enforce the lien without ascertaining both the fact of indebtedness and the amount of it in the only way recognized by law; that is, by making the debtor a party, and litigating the question of indebtedness with him." Even then, appellant would not be *personally* liable (*Gilliam* v. *Black,* 16 Mont. 217, 40 Pac. 303), but the lien could only be enforced against its property.

If appellant could not be made personally liable by a direct proceeding, such liability could not be imposed upon it by any collateral one.   We are clearly of the opinion that the judgment of Streets against respondent was not *res adjudicata* against appellant in any respect, and was only evidence that respondent owed Streets that amount on their contract.   In order for plaintiff to recover the balance due on his contract from appellant, he was bound to show full performance thereof.   It seems to be conceded that the contract specified that he should

paint the rooms in the second and third floors. He admitted
in his testimony, when called as a witness in his own behalf,
that he was requested by appellant "to paint these two floors,"
and that he refused to do so. Therefore, according to his own
uncontradicted testimony, he had not fully performed his con-
tract. The action being upon the contract, and plaintiff show-
ing that he had not fully performed the same, he would not or-
dinarily have been entitled to any judgment thereon. But
appellant admits he is entitled to a judgment for $44.75.

Respondent's position in regard to the Minter labor and lien
is that he let a subcontract to one Krigbaum for placing the
roof on the building for the sum of $110; that the architects
of the building told him that appellant wanted the roof con-
structed by one Minter, of Great Falls, and directed respondent
to cancel his contract with Krigbaum, and cause the roof to be
constructed by Minter; that he canceled the Krigbaum con-
tract, but entered into no contract with Minter, who constructed
the roof; that he paid Minter the sum of $110, which he
agreed to pay Krigbaum for the same work; that at the time
the architects directed this change they informed him that if
there was any extra charge by Minter the appellant would pay
it. The only proof of the authority of the architects to make
such an arrangement, if one was made, is that one or two of
the trustees of appellant told them that the appellant would
pay the difference.

It must be remembered that the appellant is a corporation,
and, before it could be bound by what one or two of its trustees.
may have told the architects, the burden was upon the plain-
tiff to show that said trustee or trustees had authority to so bind
the corporation, or that the corporation ratified it. No evi-
dence of this character was presented on the trial of the case.

The contract, as alleged in the answer, provides that appel-
lant might protect itself against any lien which might be filed
upon the building by withholding from respondent a sum suf-
ficient to liquidate the same, and the answer alleges that Minter
filed a lien for the sum of $49.25, which was discharged upon

payment by appellant. Neither of these allegations is denied in the replication. We are therefore of the opinion that appellant had the right to liquidate this lien, and deduct the amount thus paid over from any amount due respondent upon the contract.

We are of the opinion that the court below should have ordered a judgment for plaintiff in the sum of $44.75, and we advise that the judgment appealed from be reversed, and the district court be directed to enter a judgment for plaintiff in the sum of $44.75.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded to the district court with directions to enter a judgment for plaintiff in the sum of $44.75.

*Reversed and remanded.*