## GIRBEKIAN v. CAIRO CIGARETTE CO.

(Supreme Court, Appellate Term. June 26, 1905.)

1. CORPORATIONS—ACTION FOR SERVICES—ISSUES AND PROOF.

    Where plaintiff sued a corporation for services rendered to it, he was not entitled to recover on the theory that he rendered the services to another corporation, and that defendant afterwards assumed the liability.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 111, 1333.]

2. SAME.

    Where plaintiff rendered services for a corporation before defendant corporation was organized, and plaintiff's claim was entered as an indebtedness in the books of the corporation for which the services were rendered, the fact that such books subsequently came into defendant's possession—it never having received or accepted the benefit of the services sued for, or took over the assets of the former corporation—was insufficient to render defendant liable for such services.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Sarkis Girbekian against the Cairo Cigarette Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

James M. Gorman, for appellant.
Cornelius Huth, for respondent.

SCOTT, P. J. There is absolutely no evidence to sustain a judgment against the defendant. Nearly all the evidence admitted in behalf of the plaintiff was incompetent, and even if it had been competent it tended to show affirmatively that plaintiff was not entitled to the judgment which he recovered. The plaintiff sued for the value of services alleged to have been rendered to the defendant,

a New York corporation. The evidence showed that the bulk of the services were rendered before this defendant was organized at all. The evidence left it in some doubt whether the services were rendered for an individual named Haig P. Cutchin, or a New Jersey corporation bearing the same name as this defendant. At all events and beyond all question these services were not rendered to this defendant, which had not yet come into existence. The plaintiff undertook to sustain his action upon the theory that he rendered services to the New Jersey corporation, and that the defendant afterward assumed the liability. In the first place, this is not the cause of action set forth in the complaint, and, in the second place, there is no legal evidence of such an assumption. All that appears is that one Tekerian entered plaintiff's claim as an indebtedness in the books of the New Jersey corporation, and that that book subsequently came into the possession of defendant. It does not appear that the defendant ever received or accepted the benefit of these particular services of plaintiff, or that the defendant took over the assets of the New Jersey corporation. What has already been said applies to $225 of the claim in suit. How the remainder of the sum for which judgment was rendered was arrived as it is impossible to tell from the evidence. Perhaps it will be made clear upon a new trial.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.