JACKSON, RESPONDENT, v. THELEN, APPELLANT.

(No. 7,180.)

(Submitted January 6, 1934. Decided February 1, 1934.)

[29 Pac. (2d) 646.]

*Messrs. Freeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. J. N. Thelen* argued the cause orally.

*Mr. S. J. Rigney* and *Mr. John W. Coburn,* for Respondent, submitted a brief; *Mr. Rigney* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, who is engaged in the general mercantile business at Browning, brought this action to recover the sum of $630.87, the reasonable value of goods, wares and merchandise alleged to have been sold and delivered to defendant at the latter's special instance and request. A jury trial being expressly waived, the cause was tried to the court resulting in a judgment for plaintiff in the sum of $416.42. Defendant has appealed from the judgment. The only question presented is that of the sufficiency of the evidence to justify the judgment.

In his brief and argument defendant contends that there was such a variance between the pleadings and proof as amounts to a failure of proof. The complaint alleges that the goods, wares and merchandise were "sold and delivered to defendant." The proof shows without contradiction that the goods, wares and merchandise were delivered to John Fitzgerald, who had a contract to put up hay for defendant at $4 per ton. In some particulars the evidence was conflicting, but on the important matters there is no substantial conflict. It appears that Fitzgerald was unable to obtain supplies from plaintiff on credit, and thereupon Fitzgerald went to plaintiff's store with defendant Thelen. Plaintiff was absent at the time and Mrs. Jackson transacted the business for him. She testified that at that time she said to Thelen, "Will it be all right if we charge the supplies to you, and then when the hay is measured up and settled for, you come in and pay the bill?" And that "he answered all right it was agreeable." She testified further that the supplies, according to the arrangement, were to be delivered to John Fitzgerald. After the supplies had been furnished, plaintiff submitted a statement to Thelen as follows:

"Sept. 1st, 1931.
"M. John Fitzgerald, on Hay contract
"To T. P. Jackson, Dr.
"Terms:

| | |
|---|---|
| Sept. 1st acct. | $570.30 |
| Cash for freight on bailing wire | 5.00 |
| | $575.30 |

"Mr. Thelen: Please pay Mr. Jackson this amount and hold this out from my hay contract with you.
"Yours truly,
"JOHN FITZGERALD."

This was the only statement ever submitted by plaintiff to defendant.

Mrs. Jackson also wrote a letter to defendant, as follows:

"T. P. Jackson's Variety Store
"Browning, Montana, Sept. 1, 1931.
"J. N. Thelen,
"Browning, Mont.
"Dear sir:

"At Mr. John Fitzgerald's request I am sending you a statement of his account here at the store. Also he has asked me to have you make a payment on this account now, up to date of Sept. 1, 1931; outstanding bills are of the amount of $555.12.

27.75 discount 5%

$527.25 total amount due.

"Waiting your early reply I am

"Yours truly,
"Mrs. T. P. Jackson."

On cross-examination Mrs. Jackson testified as follows: "When Esther Stone came in the store one day, I asked her how they were getting along in putting up the hay. I wanted to know how much hay was put up. I knew that Mr. Fitzgerald was getting so much a ton for putting up hay. I asked Esther Stone about this proposition as I thought the bill was getting large and I wanted to know how much money Fitzgerald would be having coming there. Then Esther Stone went out and apparently made some inquiry and she came in and reported to me. I thought there was plenty of money then to pay the account as it stood. I was looking to the amount that was coming from the proceeds of the price that was paid for putting up the hay to pay my bill."

In response to questions propounded by Mr. Thelen, she further testified:

"Q. And when you say that you saw me there in the Yegan Hotel, you had the order, I said to you the hay had not been measured and told you, according to your story, that we were going to measure the hay either that day or some anyway,

and that when the hay was measured that I would see that you people got your money out before anybody, or words to that effect? A. Yes, you told me that.

"Q. And that was what the arrangement was, was it not? A. Yes sir. There was not any dispute between you and myself there about; that was the understanding, and if there was enough hay to pay my bill we were to get our money, that is what I understood; whatever Mr. Fitzgerald had coming there when the hay was measured we were to get our money out of it, and you so told me. * * *

"Q. And isn't it a fact that you understood that you were to get your money out of what Mr. Fitzgerald made out of putting up this hay on the contract? A. Yes."

Russell Thayer, an employee in plaintiff's store at the time Fitzgerald and Thelen went there to make arrangements for the supplies, testified that on that occasion Mrs. Jackson introduced him to Thelen and in the presence of Thelen Mrs. Jackson told him: "This is Mr. Thelen, and his sole purpose was to sanction the credit being extended to John Fitzgerald on the strength of the hay contract." He said that Mrs. Jackson told him in the presence of Thelen that Thelen "is going good for the bill of goods that Mr. Fitzgerald will want to put up some hay."

Defendant testified that when he and Fitzgerald went to plaintiff's store and talked with Mr. Jackson relative to furnishing supplies for Fitzgerald, he told Mrs. Jackson that he would not allow Fitzgerald to draw any money on the hay contract except for the labor until Fitzgerald paid his grocery bill; that Fitzgerald put up 161.54 tons of hay; that defendant paid out $623.97 for labor upon the written request of Fitzgerald and $46 for supplies and repairs. Thus, when the plaintiff's statement of the Fitzgerald account was submitted to him, Fitzgerald had already received everything from defendant that he was entitled to under the hay contract.

Fitzgerald did not testify for either party. Plaintiff did not produce any evidence to refute the statement of defendant to the effect that the only promise he made to Mrs. Jackson was

that he would see that Fitzgerald's account for supplies was paid out of the earnings of Fitzgerald on the hay contract after the employees of Fitzgerald were paid. From plaintiff's own evidence it is clear that the supplies were sold and delivered to Fitzgerald and not to Thelen, and that plaintiff expected payment out of the money earned by Fitzgerald from his hay contract.

In legal effect, plaintiff has alleged a contract with defendant, Thelen, but his proof establishes a cause of action against Fitzgerald, and not against Thelen. It is, of course, elementary that proof of a contract with one not a party to the action does not sustain an allegation that the contract was with the defendant, and that where, as here, the question is presented on motion for nonsuit, the motion should be sustained. (*Gilliam* v. *Black*, 16 Mont. 217, 40 Pac. 303; compare also section 9185, Rev. Codes 1921.)

Plaintiff relies upon the case of *McGowan Com. Co.* v. *Midland Coal & Lumber Co.*, 41 Mont. 211, 108 Pac. 655. In that case plaintiff sought to hold defendant liable for goods sold to defendant, and which at defendant's request were delivered to D. J. Gibson; but there defendant, through its president, expressly assumed liability unconditionally for the payment of the debt. Here, defendant from his uncontradicted testimony only agreed to hold for plaintiff whatever was left for Fitzgerald on the hay contract after his men were paid. His promise was conditional. (Secs. 7400, 7401, Rev. Codes, 1921.) It depended upon there being an overplus due to Fitzgerald after his men were paid. There never was an overplus, and hence there was no obligation upon defendant under the promise made by him and which, as before stated, stands uncontradicted in the record. Plaintiff's own evidence, through Mrs. Jackson, was to the effect that plaintiff was to look to the earnings of Fitzgerald from the hay contract for payment.

True, Thayer said that Mrs. Jackson stated to him in Thelen's presence that Thelen was going good for Fitzgerald's supplies; but Mrs. Jackson did not even suggest that such was the case. In any event, the statement of Thayer did noth-

ing more than show an obligation on the part of defendant in the nature of a guaranty (sec. 8171, Rev. Codes 1921), and does not support the allegations of the complaint, which in effect charge defendant with an original obligation or engagement on his part. (*Columbia Garage Co.* v. *Slater,* (Sup.) 169 N. Y. Supp. 106; *Girbekian* v. *Cairo Cigarette Co.,* (Sup.) 94 N. Y. Supp. 345.)

The evidence is insufficient to support the judgment. The court should have sustained defendant's motion for nonsuit.

The judgment is reversed and the cause remanded, with direction to dismiss the action.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.