*Municipal Court of the City of Boston*

## No. 33463

**CRYSTAL COAL AND OIL CO., INC.**

**v.**

**SAMUEL YASNER,**
**TROY REALTY COMPANY, INC.**
**and**
**BOSTON TRADING CO. & TR.**

(December 8 — January 3, 1962)

*Present:* Adlow, C. J., Roberts & Glynn, JJ.

Case tried to *Canavan, J.*

*Adlow, C. J.* Action of contract to re-cover for fuel oil delivered to the premises at 33 Troy Street in Boston and for labor and materials furnished in the maintenance and repair of the heating system at said location.

*There was evidence tending to show that* beginning October, 1957, and continuing up to March, 1960, the plaintiff supplied number 5 industrial oil to the premises at 33 Troy Street in Boston. This building was owned by the Troy Realty Company, Inc., which supplied heat to all the tenants from a central heating unit. One of the tenants in said build-ing was the Boston Trading Company, a cor-poration. Samuel Yasner, one of the defend-ants in this writ, was president of both the

Troy Realty Company, Inc., and the Boston Trading Company. In its dealings, involving the deliveries made at 33 Troy Street, the plaintiff billed "Sam Yasner, Boston Trading Company, 33 Troy Street, Boston". There was evidence that these bills were paid by the Troy Realty Company, Inc., and further that Samuel Yasner requested the plaintiff to bill the Troy Realty Company, Inc., for the deliveries made and work done. At the trial Samuel Yasner testified that the work was done for the Troy Realty Company, Inc., and that these bills would be paid.

At the close of the evidence the defendants, all of whom were represented by the same counsel, requested the court to rule that the evidence warranted findings for each of the defendants. The court ruled as requested with respect to the defendants Samuel Yasner and Boston Trading Company, but refused to so rule with respect to the Troy Realty Company, Inc.

There was a finding for the plaintiff against the Troy Realty Company, Inc.

While the defendant Troy Realty Company, Inc., was entitled to the ruling in a strict legal sense, the error is immaterial in view of the evidence offered by the defendant, Troy Realty Company, Inc.

In finding as it did, the court did no more than to accept as true the evidence offered by Troy Realty Company, Inc., through its president. He testified that the deliveries were made to the Troy Realty Company, Inc.,

and that the charges for same would be paid by this corporation. The court accepted the testimony of the defendant as true so far as liability was concerned. The position of the aggrieved defendant, Troy Realty Company, Inc., that the court erred in believing the testimony of its president is untenable.

Nor is there any merit to the claim of the aggrieved defendant that there was no proof of the authority of Samuel Yasner to bind the Troy Realty Company, Inc. Whether he had actual authority to do so or not is immaterial. Over a long period of time the Troy Realty Company, Inc., received deliveries made by the plaintiff and paid bills submitted on account of the deliveries. In adopting and acquiescing in the acts of its president over a long period of time, the Troy Realty Company conferred on him an apparent authority sufficient to bind it by his acts. *Lonergan v. Highland Tr. Co.*, 287 Mass. 550, 557.

That the plaintiff made charges in its accounts against the Boston Trading Company is not conclusive against it, particularly in view of the evidence of Samuel Yasner that he requested the plaintiff to change the billing. Aside from these considerations the evidence was uncontradicted that all the deliveries of goods and services rendered were made with the knowledge and acquiescence of the president of the Troy Realty Company, Inc. Under these circumstances there is an obligation on the Troy Realty Company, Inc.,

to pay for same. *Hobbs v. Massasoit Whip Co.,* 158 Mass. 194; *Wessinger v. H. Werner Sons Co.,* 340 Mass. 102, 105.

*Report dismissed.*

Gerald E. Katz of Boston, for the Plaintiff.
John J. McCarthy of Boston, for the Defendant.