## W.H. SAWYER LUMBER COMPANY
### vs.
### Timothy J. MURPHY & Judith MURPHY

### No. 304

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**September 16, 1981**

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Worcester Division and there being no prejudicial error, it is ordered that the report be dismissed.

It is hereby

ORDERED: That the Clerk of the WORCESTER DIVISION make the following entry in said case on the docket of said Court, namely:

"Report dismissed."

Date: September 16, 1981
Mel L. Greenberg, Justice

Allan McGuane, Justice
Fran J. Larkin, Justice

Opinion filed herewith.

James J. Harrington
Assistant Clerk-Magistrate

Robert E. Longden, Jr., counsel for plaintiff

Richard M. Creamer, counsel for defendant

## OPINION

### GREENBERG, J.

The plaintiff sues in contract to recover the sum of $3,299.66 for goods sold and delivered. The answer is a general denial that the plaintiff had sold and delivered goods to them, and that the plaintiff "contracted," if at all, with a third party, who was neither the agent, servant or employee of the defendants. At the trial there was evidence that the plaintiff was in the business of selling lumber and other building supplies and had· furnished certain supplies to one Lundquist,[1] a contractor, who in turn, was building a home for the defendants under a contract. On or about September 16, 1975, the plaintiff's director of purchasing contacted the defendants' home by telephone, after receiving their names from the contractor, Lundquist. Certain information was given to plaintiff and was placed by plaintiff on a form entitled, "Application — Sawyer Charge Account." The trial judge found that the plaintiff established in its business records an account in the name of the defendants, but that the defendants never signed, or orally acknowledged that it was their credit which plaintiff might rely upon for payment. During the period from December, 1975 the plaintiff's record of this account showed goods supplied and paid for, with a balance due of $3,299.66. Bills for the goods supplied bore the name of defendant, Timothy Murphy, and were mailed to his home. Defendant turned these bills over to Lundquist, the contractor. Payment of these bills were made through a mortgage loan. The bank, in accordance with its practice, issued checks to the plaintiff upon receipt of invoice from the contractor under authorization by the defendants.

The trial judge found that there was no contract between the defendants and the plaintiff; that the goods and supplies delivered to the contractor, Lundquist; that defendants authorized the bank to make payments to the plaintiff, but that this authorization was not an acknowledgment of any indebtedness owed by the defendants to the plaintiff; and finally, that Lundquist was an independent contractor, who did business as J.P. Builders and was not acting as defendant's agent.

At the close of the trial and before arguments, the plaintiff made the following requests for rulings, which are at issue in this appeal:

"3. The evidence warrants a finding that there was a contract between the defendant, Timothy J. Murphy and the plaintiff for building supplies. (The court granted this request, but did not make such a finding.

4. The evidence warrants a finding that the defendants, Timothy J. Murphy and Judith Murphy, acknowledged their indebtedness to plaintiff. (The court denied this request.)

9. The evidence warrants a finding that Walter Lundquist acted as agent for the defendant, Timothy J. Murphy, in purchasing supplies from the plaintiff. (The court denied this request.)

10. The evidence warrants a finding that Walter Lundquist had authority from the defendants, Timothy J. Murphy and Judith Murphy, to purchase building supplies from the plaintiff and to charge the defendant's account. (The court denied this request as inconsistent with

---

[1] Lundquist was named as a third-party defendant in the action prior to trial, but did not respond. Judgment for defendants rendered dispositive any claim of defendants against him pursuant to Mass. R. Civ. P. 14.

the facts found.)''

Plaintiff contends that the course of dealings between the parties clearly converted Lundquist's status as an independent contractor to that of an agent of the defendants, because payment for the materials ordered from plaintiff was through the defendants' bank. Further, plaintiff argues that the charge account in the name of the defendants and their acceptance of the materials clearly indicated Lundquist's implied authority to bind them, or in the alternative, their ratification of his purchases as their agent, citing **Crystal Coal and Oil Co., Inc. vs. Yasner,** 24 Mass. App. Dec. 12 (1962), and **Atlantic Refining Co. vs. Weener, 22 Mass. App. Dec. 29 (1960).**

In the **Crystal Coal** case the plaintiff was a supplier of oil to premises owned by a realty corporation which, in turn, supplied heat to its tenants. One defendant, Yasner, was a principal officer and shareholder of the corporate owner and one of its tenants, also a corporation. In its action against the realty corporation the plaintiff prevailed with the court holding, **inter alia,** over the long period of time that the realty corporation had received deliveries (1957 through 1960), it had acquiesced and conferred apparent authority upon its president to bind it by his actions. This case is distinguishable from the instant case on several grounds. First, the relationship between Yasner as a corporate employee with authority to bind his principal was established. Secondly, his apparent authority to bind the corporation, of which he was an officer and shareholder, was implied through his direct relationship as a fiduciary and operating director. We cannot say that the relationship between Lundquist as the defendants' agent (assuming **arguendo,** plaintiff's contention on this point) was closely analogous.

In the **Atlantic Refining** case the plaintiff, a supplier of gasoline, sought recovery against the defendant, whose employees were authorized to charge gas on their presentation of a credit card. Defendant contended that certain employees were extended credit for which they were not responsible, because the credit slips did not bear any evidence indicating that the card was used in the credit card machine at the time of the sales. On the facts, the court held that the defendant failed to show any proof that the employees did not actually have the card in their possession, and that plaintiff's burden of proof was sustained with its evidence that the employees actually presented the card at the time of the transactions. This case, unique in its facts, presents a clearly different situation from which its precedential value to the instant appeal is weightless.

We turn then to the central issue in the plaintiff's requests for rulings numbered 9 and 10, that is, did Lundquist act as an agent with authority to bind the defendants for the purchases in question?

An independent contractor is one who agrees to accomplish a certain result with the power of control over the details of accomplishing it left to him. **Linnehan** v. **Rollins** 137 Mass. 123 (1884); **Herrick** v. **Springfield** 288 Mass. 212 (1934). The findings of the trial judge indicate that Lundquist's purpose was consistent with this principle. Obviously, one of the details of his accomplishing the construction of the defendants' house was the purchase of necessary supplies and equipment. The connection between the bank financing the construction, whereby it issued payment upon invoices presented by Lundquist, argues strongly for his position as an independent contractor. Where a person employed is engaged under an entire contract for a gross sum in an independent operation, and is not subject to the control and discretion of the employer, the relation is not regarded as that of master and servant, or principal and agent, but as that of an independent contractor and contractee; and in such

cases the general rule is that the acts of the contracting party cannot be charged as those for whom the work is being done. **Frank S. McAllister's Case** 299 Mass. 193; **Todd, Administrator** v. **Wernick,** 334 Mass. 624 (1956).

We do not subscribe to the contention that the charge arrangement unilaterally created by the plaintiff, by which it received checks directly from the defendants' bank, makes any significant difference. Its relationship with Lundquist, who clearly acted as an independent entrepreneur, insulated defendants. Historically, even an agent employed to purchase for his principal, had no implied authority to execute negotiable instruments, so as to bind the principal. **Gould & others** v. **Norfolk Lead Company,** 9 Cushing 338 at 344 (1852). This ancient principle of law is applicable with more force to the instant case, where plaintiff seeks to rely upon a promissory note of the defendants' bank to fix liability on defendants. In disposing of the question of the defendants' liability, we need not determine whether such bookkeeping arrangements altered the relationships of the parties, because the record does not disclose any other evidence of reliance upon the defendants' credit. Therefore, we find no error in the trial judge's denials of requests numbered 9 and 10.

Finally, the plaintiff claims to be aggrieved by the trial judge's rulings on requests numbered 3 and 4. The wording of request #3 permits the trial judge, if she believed and concluded on the evidence that a contract existed between plaintiff and defendants, to so find. By granting this request, but not making such a finding, she clearly indicates that her ultimate conclusion differed from one permissible view of the evidence. See, **Ryerson** v. **Fall River Philanthropic Burial Society** 315 Mass. 244 (1943); **Bresnick** v. **Heath** 292 Mass. 293 (1935). There is no error.

The request numbered #4 that **evidence**

**warrants** (emphasis added) a finding that the defendants acknowledged their indebtedness to plaintiff, was denied by the trial judge. To deny this request is a ruling as a matter of law that there was insufficient evidence under any view of the testimony to permit a finding for the plaintiff. This was properly denied.

There being no prejudicial error, it is ordered that the report be dismissed.