Ruffin, C. J.
 

 The parties are agreed as to the state of the title, as respects the facts, and it is particularly set forth in the pleadings. The defendant’s objection to carrying into effect his contract of purchase is, that in point of law the plaintiff cannot make him a good title. That depends upon the operation of the deed made in November, 1833, by Mr. Morris to his four sons, as against the plaintiff and his vendor, Harrell; who were both purchasers for full value paid and took conveyances in fee, without any notice of the deed to the sons. That deed is expressed tó be made for love and affection, and one dollar, and purports to convey the land to the sons at the death of the father. The pecuniary part of the consideration is so obviously nominal and colourable, that the deed must be regarded as founded on blood only, and the instrument is, therefore, really a voluntary covenant of the father to stand seized to his own use during his life and afterward to the use of his sons. The opinion of the court is, that as a conveyance to the sons, it is void as against the subsequent purchasers for a valuable considera
 
 *84
 
 tion, without notice; and, therefore, that the plaintiff is able to make to the defendant a good title.
 

 Whatever doubt may be entertained, whether the purpogeg ov iangQag6 0f the act of the 27th Eliz. c. 4, authorized the construction, we conceive, that, before our act of 1840, c. 28, it was settled so firmly as not to be shaken by any authority but that of the Legislature, that a voluntary conveyance, though for the meritorious purpose of providing for á wife or children, is, by that statute, made fraudulent and void against a subsequent purchaser for a fair price, though with notice of the prior conveyance. It was held that notice made no difference; because, if the purchaser knows of the deed, he knows also that by law it is void.
 
 Gooch’s case,
 
 5 Rep. 60. The doctrine has in more recent periods been several limes much discussed and confirmed. At law there are the cases of
 
 Doe
 
 v
 
 Martyr,
 
 1 New. Rep. 332,
 
 Doe
 
 v
 
 Manning,
 
 9 East, 59, and
 
 Hill v Bishop of
 
 Exeter, 2 Taunt. 69. It never has been doubted, that a purchaser without notice was within the meaning of the act, for upon such a purchaser the fraud is actual. The struggle was, whether one, who had notice of a prior deed before he bought, could or should be. also said to be defrauded by it. As it has been just remarked, it was held at law in the cases cited and others, that notice did not prevent the operation of the statute, To the same effect there are also many cases in equity.
 
 Evelyn
 
 v
 
 Templar,
 
 2 Bro. C. C. 148.
 
 Taylor
 
 v
 
 Stile,
 
 stated in 2 Snyden Vend. 160. In
 
 Purvertoft
 
 v
 
 Purvertoft,
 
 18 Ves. 84, Lord Eldon held, that a husband, who after marriage made a fair settlement on his wife, could not at her instance be restrained from selling the estate; because under the act the purchaser, though with notice, would get a good title, and, consequntly, it could not be against conscience to do what the statute sanctioned. And afterwards the purchaser of the estate in controversy in that suit, who bought and took his conveyance
 
 pendentelitc
 
 and who was under the necessity of going into equity, because the wife had the possession of the laud and title deeds, and was threatening to fell timber, was relieved by Lord
 
 *85
 
 Eldon by having a receiver appointed before answer, which his Lordship put expressly on the ground, that the voluntary settlement gave no title whatsoever against the purchaser,
 
 Metcalfe
 
 v
 
 Purvertoft,
 
 1 Ves. & Bra. 180. In his .judgmerit Lord Eldon relied on, and must be considered as approving, the previous decision of Sir William Grant in
 
 Buckle v Mitchell,
 
 18 Ves. 100; which is a very strong case indeed. It was there decided, that a voluntary settlement is void, not only as against a purchaser who is so by conveyance, but also as to one, whose purchase rests in articles ; and such a purchaser had, upon his bill, a decree for specific performance against his vendor, and those claiming beneficially under the settlement, and the trustees in whom the legal estate was vested. Sir William Grant said, the construction of .the statute was settled at law ; and that it must receive the same construction and produce the same effect in a Court of Equity as in a Court of Law. Therefore the purchaser of an equitable estate ought no more to be affected by a voluntary settlement, than the purchaser of the legal estate ; for the party having the equitable title is in equity to most purposes considered as the complete owner of the estate. The same doctrine has been held by this court.
 
 Clanton v Burgess, 2
 
 Dev. Eq. 13.
 

 The foregoing cases, most of them, need not have been cited for the purposes of the question now before the court, since there are here both an innocent purchase, without notice, for full value, and an actual conveyance from the former owner, who was still in possession. But those cases have been adverted to as clearly showing, that even when the contract is executory and the purchaser is informed of a prior meritorious settlement, that settlement is made a nullity as against the purchaser, who has a right to call for the legal title. It follows, of necessity, that there can be no question of the title now under consideration, even if no actual fraud were contemplated by Morris and his sons. There must therefore be the usual decree for specific performance of the contract.
 

 Per Curiam, Decree accordingly.