THE LOOKOUT LUMBER COMPANY v. THE MANSION HOTEL AND BELT RAILWAY COMPANY.

*Lien—Sub-contractor—Parties.*

1. A sub-contractor may enforce his lien for labor or materials, as prescribed by *The Code*, § 1782, *et seq.*, against the owner of the property upon which the labor was performed, or for which the materials were furnished, though the contract with the principal contractor has not been completed, or even if it has been abandoned.

2. The lien of the sub-contractor, when duly filed, has precedence of all other liens attaching to the property subsequent to the time the work was commenced or the material furnished.

3. The principal contractor is a necessary party to an action to enforce the lien of a sub-contractor, but a trustee in a conveyance, subject to the lien, is not an essential party.

CIVIL ACTION, tried before *Bynum, J.,* at Fall Term, 1891, of McDOWELL Superior Court.

It appears that F. T. Sanford contracted with the defendant to construct, upon its land specified in the complaint and situate· in the county of McDowell, a building for the purposes of a hotel for the price of $31,000, and the plaintiff, a sub-contractor, furnished to the said Sanford, for the purposes of said building, materials of the value of $4,011.29, which sum remains due to the plaintiff, less $1,500 paid about the 10th of December, 1890; that on the last-named day, the plaintiff

duly notified the defendant that the said Sanford, contractor, owed to it for such materials furnished and used in the building, the sum of $2,511.29; that at the time of such notification the defendant owed the said Sanford, as contractor, the sum of $9,025; that the plaintiff has demanded of the defendant and the said Sanford, before the bringing of this action, the money so due, and they have refused to pay the same; that on the 11th day of August, 1891, and within twelve months next after so furnishing said materials so used, the plaintiff, for the purpose of creating and perfecting a sub-contractor's lien upon the said land and building, for the sum of money so due it, duly filed in the Superior Court Clerk's office of the said county of McDowell its claim as required by the statute (*The Code*, § 1784).

It further appears that on the 10th day of August, 1891, the defendant executed to the said Sanford its promissory note, as such contractor, for the sum of $24,040.40, and executed to a trustee a deed conveying all its property, including said land and building, to secure the same; that the plaintiff had so notified the defendant of its claim against the said Sanford before the making of said note and deed; that said Sanford abandoned the completion of said building, left the State, assigned said note and security to his wife, and she assigned the same to a bank in the State of Georgia for value; that the defendant is insolvent; that the building is not half finished, and is going rapidly to decay and ruin.

The plaintiff demands judgment for its debt, and the enforcement of its lien, etc.

The defendant insisted that, under the facts admitted, no sale of the property could be ordered by the Court—

*First.* Because the contract between the Hotel Company and Sanford is still executory, and nothing could be sold except an equity of redemption, the legal title not being in the trustee, he not being a party to this action, and the legal title being outstanding, the Court could not authorize a sale

and thus sacrifice the defendant's property by enforcing a sale of property clouded by this adverse claim.

*Second.* That the property could not be sold until the building was finished and the contract fully executed.

*Third.* That the remedy was against Sanford, and not against the Hotel Company.

*Fourth.* That no title could pass to the purchaser as against the right of Sanford, neither he, they, nor the trustee having been made parties to this action.

The Court gave judgment for the plaintiff, and the defendant, having excepted, appealed.

*Messrs. J. C. L. Bird* and *G. F. Bason,* for plaintiff.
*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for defendant.

MERRIMON, C. J.—after stating the case, proceeded : The mechanic's lien, as provided and contemplated by the statute (*The Code,* §§ 1782, 1784, 1789) is "preferred to every other lien or incumbrance, which attached upon the property *subsequent to the* time at which the work was commenced, or the materials were furnished." The same statute (*The Code,* § 1801) gives "*sub-contractors and laborers* who are employed to furnish, or who do furnish, material for the building, repairing or altering any house or other improvement on real estate," "a lien on said house and real estate for the amount of such labor done or material furnished, which *lien* shall be *preferred* to the mechanic's lien now provided by law, *when notice thereof shall be given"* as prescribed and required.

Such sub-contractor, labor or material man, who claims a lien as provided in the last-mentioned section, "may give notice to the owner or lessee of the real estate who makes the contract for such building or improvement *at any time* before the settlement with the contractor, and if the said owner or lessee shall refuse or neglect to retain out of the

amount due the said contractor under the contract as much as shall be due'or claimed by the sub-contractor, laborer or material man, the sub-contractor, laborer or material man *may proceed* to enforce his lien, and after such notice is given, no payment to the contractor shall be a credit on or a discharge of the lien herein provided." *The Code*, § 1802. The notice thus required is intended to charge the owner or lessee of the land to withhold so much of the money due to the contractor as will pay the sub-contractor's claim. If he fails to do so, he cannot avoid his liability by paying the contractor.

In order to create and perfect a lien, the sub-contractor or laborer, must within twelve months next after the completion of the labor, or the final furnishing of the materials, file the notice of his claim in the office of the Superior Court Clerk, as required by the statute (*The Code*, §§ 1784, 1789). When the notice is thus filed the lien is at once established, and relates back to and is effective from the time at which the work was commenced, or the materials were furnished. The statute (*The Code*, § 1782) so expressly provides, and, thus established, the lien is preferred to every other lien, including the mechanic's lien, that may have in any way attached to the property subsequently to that time. *The Code*, § 1802; *Burr* v. *Maultsby*, 99 N. C., 263; *Pinkston* v. *Young*, 104 N. C., 102. The certain purpose is to protect the sub-contractor or laborer as to his claim against the owner of the property and all liens of whatever character that may attach to the property subsequently, not simply subsequently to the filing of the notice of claim in the office of the Superior Court Clerk, but as well subsequently to the time when the work was commenced or the materials were furnished.

In this case it is not questioned that the plaintiff had a claim as sub-contractor—that he gave notice to the defendant, the owner of the land and building, and filed the same in the office of the Superior Court Clerk, as required by law,

on the 11th day of August, 1891, the day next after the deed
of trust was executed and registered, to secure a large debt
due from the defendant to the contractor Sanford. That that
notice was thus filed after that deed of trust was registered,
cannot prejudice the plaintiff's lien—it was preferred to the
deed of trust—the filing of it within twelve months next
after the materials were furnished perfected it as of the time
they were so furnished. *Burr* v. *Maultsby, supra.*

That the contract between the defendant and Sanford was
executory, and is not yet executed, cannot prevent the lien of
the plaintiff or delay its enforcement, because the defendant
failed, after notice to it, to retain out of the amount due the
contractor a sum sufficient to pay the plaintiff's claim and
refused to pay it. In that case the plaintiff had the right to
proceed at once to enforce its lien. *The Code,* § 1802. The
trustee, by virtue of the deed to him, took the legal title to
the property subject to the lien of the plaintiff, and it was the
duty of the defendant to discharge that lien, and if it would
not, then the trustee might have done so. He had and was
charged with notice of it.

There is nothing in the statute, nor is there any principle
of justice, that postpones the enforcement of the plaintiff's
lien until the building shall be completed and the contract
fully executed. This may never be done. As we have seen,
the purpose of the statute is to protect the sub-contractor and
the laborer effectually. The remedy was not simply against
the defendant and Sanford, the contractor. They would not,
or could not, pay the plaintiff's debt. The very purpose is to
give a remedy against the property, not after all other reme-
dies shall be exhausted, but when and as soon as the defend-
ant refused to pay it after notice.

It might be better if the trustee had been made a party
with a view to conclude him and those whom he represents,
but he is not an essential party. The defendant might have
asked to have him brought into the action, or he might have

applied to be made a party. But there is no reason why the land may not be sold under the order of the Court to enforce and give practical effect to the plaintiff's lien. The land is charged with the lien, and may be sold notwithstanding the conveyance to the trustee. It is his duty to see that he has title and to protect it by such means as are properly within his power. It is his folly or neglect if he will not. If the land shall be sold properly to satisfy the debt of the plaintiff and discharge his lien, the title will pass, just as if it had been sold under execution to satisfy a duly docketed judgment which was a lien upon it. *Kornegay* v. *Steamboat Co.*, 107 N. C., 115.

We think, however, that the contractor, Sanford, should have been made a party defendant so that the plaintiff might have obtained judgment for its claim against him as well as the defendant. He is the principal debtor and the plaintiff must establish his claim against him. This it has not done and cannot do until he shall be brought before the Court in a proper way and have his day in Court. He might be able to allege and prove that the plaintiff's claim is unfounded, that he had paid it in whole or in part, or make other defence and thus avoid the lien.

He should have been, and must yet be, made a party, and have opportunity to make defence. To that end, let this opinion be certified to the Superior Court.

Error.