The Merchants Bank, owner of a lot in the city of Durham, in July and August, 1914, made a contract with N. Underwood to put up a bank building and in February, 1915, they made a further contract for the interior of the building, at a total price for all the work of $27,000.
On 31 July, 1914, Underwood, the contractor, contracted with the Pennsylvania Marble and Granite Company to furnish and erect the superstructure of the front of the bank building, and the latter company contracted with the Blue Pearl Granite Company to furnish certain granite to be used by the Pennsylvania Marble and Granite Company.
On 16 March, 1915, the Blue Pearl Granite Company filed with the Merchants Bank, the owner, and N. Underwood, the contractor, respectively, and itemized account for $435, setting forth in detail the material furnished by it to the Pennsylvania Marble and Granite Company, giving the details as to time and so forth as required by the statute. At the time of filing said notice there was in the hands of the owner, the Merchants Bank, the sum of $5,263 due the contractor for the exterior of the bank building upon which the material furnished by the Blue Pearl Granite Company had been used, and this sum was subsequently thereto paid by the bank to the contractor, and the contractor at the *Page 407 
date of the filing also had in his hands, due the Pennsylvania Marble and Granite Company, its subcontractor who furnished said material, the sum of $760.98.
On 12 June, 1915, less than three months after filing its notice with the owner and contractor, the Blue Pearl Granite Company brought this action against the Merchants Bank, N. Underwood, (356) and the Pennsylvania Marble and Granite Company, i. e., the owner, the contractor, and the subcontractor, to enforce its lien as material man, and at August Term, 1915, of Durham, Frank Gabardini was duly made a party defendant, and filed his answer.
On 22 December, 1914, about a month after the Blue Pearl Granite Company had furnished the granite under its contract to the Pennsylvania Marble and Granite Company, the latter company assigned all its right, title, and interest in the amount due it by Underwood, the contractor, to the Commercial Credit Company. But Underwood had no notice of this assignment until 29 March, 1915, thirteen days after notice had been served on him, as above, by the Blue Pearl Granite Company, and the latter company had not notice of such assignment until 9 November, 1915, when suit was started by said assignee, the Commercial Credit Company, against Underwood, to recover of him the amount due by him to the Pennsylvania Marble and Granite Company.
The Pennsylvania Marble and Granite Company during 1913 and 1914 became indebted to Frank Gabardini in the sum of $3,345, on which, deducting payments, there was a balance due of $656.14, for which on 11 March, 1915, Gabardini brought an action to Durham Superior Court against the Pennsylvania Marble and Granite Company, service being made by publication. On said 11 March, 1915, a warrant of attachment was issued in said action against the funds in the hands of Underwood, the contractor, due the Pennsylvania Marble and Granite Company, and he was summoned as garnishee to appear before the clerk, and, being examined, stated that he owed said Marble and Granite Company the sum of $760.98, which, on order of the court, he paid into the office of the clerk of said court to abide the result of this action.
These cases were all consolidated and referred to W. B. Guthrie, Esq., and on exceptions to his report by Gabardini and the Merchants Bank and Commercial Credit Company, the court approved the findings of fact and conclusions of law of the referee, and held that it appearing therefrom that the contractor, Underwood, having paid into the clerk's office the sum of $760.98, being the amount due by him to his subcontractor, the Pennsylvania Marble and Granite Company, that the Blue Pearl Granite Company was entitled to a material man's lien upon said funds to the amount of its claim upon said funds for $435 for *Page 408 
material furnished, with interest thereon from 7 November, 1914, and that this was a prior lien to any other parties, and that after payment of said amount and the costs of this action, including the allowance (357) to the referee and stenographer, the balance of the fund should be applied to the claim of Frank Gabardini, and the Merchants Bank and Underwood were discharged from liability.
From said judgment the Commercial Credit Company and Gabardini appealed.
Gabardini contends that his claim should have been satisfied out of said fund in preference to the Blue Pearl Granite Company, because his attachment was levied 11 March, 1915, prior to 16 March, 1915, when the Blue Pearl Granite Company filed its notice of lien as material man, and prior to the filing, on 29 March, 1915, by the Commercial Credit Company with Underwood, the contractor, of notice of the assignment to it by the Pennsylvania Marble and Granite Company of the sum due it by Underwood. The Blue Pearl Granite Company had no notice of such assignment until 9 November, 1915. Only a part of the sum due by the Pennsylvania Marble and Granite Company to Gabardini, and none of that to the Commercial Credit Company, was on account of this building contract, but was indebtedness incurred on other transactions, and the former asserted a lien only by virtue of the attachment.
The Blue Pearl Granite Company having furnished its material on 7 November, 1914, and having filed in due time its itemized statement in the manner provided by law, claiming the lien for material, is entitled to the prior lien on the funds due by Underwood, the contractor, to the Pennsylvania Marble and Granite Company, as set forth in the judgment,Chadbourn v. Williams, 71 N.C. 444; Lumber Co. v. Hotel Co., 109 N.C. 658; and this is true even when though an attachment was levied against the fund prior to filing such statement and bringing suit thereon. The statement having been filed within the statutory time, and in the manner required by law, dates back to the time of furnishing the material. The claim of Gabardini is not for laborer's or mechanic's lien, but is on an open account, and his only lien is by virtue of his attachment, while the Commercial Credit Company claims purely under an assignment of the account; hence there can be no prorating of the fund. The Blue Pearl Granite Company, having perfected its lien, is entitled to its claim and interest in full before the other claimants. Hardware Co. v. Schools, 151 N.C. 507.
The Blue Pearl Granite Company, by filing in due time an itemized account with the owner and with the contractor, and following this notice having brought suit within six months to perfect the lien, is entitled to payment without filing its statement with the clerk. Revisal, 2020, 2022, *Page 409 
2023; Hildebrand v. Vanderbilt, 147 N.C. 639, and Mfg. Co. v. Andrews,165 N.C. 294, where it is said: "The lien of the subcontractor is acquired by notice to the owner (Rev., 2020), and there (358) is not only no requirement that he shall file notice of a lien with the justice or clerk, but it is expressly provided in Revisal, 2022, that the sums due for furnishing the materials, etc., shall be a lien without any lien being filed before a justice of the peace or in the Superior Court."
It is immaterial whether the contractor had been paid up in full for work done to the time notice was filed by the material man. The fact that he continued the work under the same contract for the exterior of the building and thereafter was paid $5,262 for work done under the said contract will make the fund thereafter earned subject to the material man's lien. Brick Co. v. Pulley, 168 N.C. 371.
The claim of the Commercial Credit Company that the assignment to it by the Pennsylvania Marble and Granite Company entitled it to the fund in preference to the Blue Pearl Granite Company under its material lien cannot be sustained. The assignee of a chose in action stands in the shoes of the assignor, and, as Ruffin, J., says in King v. Lindsay, 38 N.C. 81, "In truth, the assignee of a chose in action gets no title to it, properly speaking, and cannot be said to be a purchaser without notice. He gets only the right to use the assignor's name to enforce the claim, therefore, to recover what the assignor might, and the very nature of the subject warns him of the necessity of inquiring respecting the obligor's equity, and, therefore, amounts to notice of such equity."
In Clark v. Edwards, 119 N.C. 119, it was held that "Where a mechanic's or laborer's lien or lien for material is filed as required it dates back and takes priority of all liens attaching and against all purchasers for value (though without notice) made subsequent to the beginning of the work or furnishing the first material." This was decided under Code, sec. 1789, now Revisal, 2028, originally enacted in 1868, and which was followed by the enactment of Revisal, 2022, in 1887, dispensing with filing statement with the justice of the peace or the clerk of the court.
The Commercial Credit Company contends that there is no precedent for a case like this where there is an assignment and attachment and a material man's lien, all contesting for priority; but our statute provides that the material man's lien, when properly perfected, as in this case, is "prior toall liens attaching subsequent to the furnishing of the first material."
As to the priority between the lien of the attachment and the assignee, the authorities seem to agree that notice by an assignee to the debtor at any time before a judgment is sufficient, and if after such notice the *Page 410 
debtor pays out the fund to the attaching creditor, or other claimant, without pleading the assignment, he becomes individually liable.
(359) The law is thus summed up 4 Cyc., 32: "As between assignor and assignee, it is not necessary to the validity of the assignment that the debtor be notified thereof; and as between successive assignees of the same chose from the same person, the assignee prior in time will be prior in right, although he has failed to give notice of the assignment to the debtor, and subsequent assignee has given such notice. The assignment will also be complete against creditors of the assignor garnisheeing thechose after assignment, and before notice of the assignment to the debtor if given in time to permit him to disclose the assignment in his answer to the garnishee process," citing many cases.
The judgment should have been in favor of the Commercial Credit Company instead of in favor of Gabardini after the payment of the claim of the Blue Pearl Granite Company, and the court costs, and should be thus
Modified and affirmed.
Cited: Campbell v. Hall, 187 N.C. 466 (d); Hambley v. White, 192 N.C. 34
(c); Hardware Co. v. Burtner, 199 N.C. 745 (3c).