PIEDMONT ELECTRIC COMPANY v. VANCE PLUMBING & ELECTRIC
COMPANY, STEVENSON THEATRES, INC., AND S. S. STEVENSON.

(Filed 9 October, 1929.)

Laborers' and Materialmen's Liens C a—Amount of subcontractor's lien
extends only to amount owed contractor at time of notice.

The right of a subcontractor to recover for material furnished the
owner of a building is out of the funds due the original contractor by the
owner at the time notice is given by the subcontractor, and under the pro-
visions of our statutes is enforceable by suit into the contract between the
owner and the original contractor, and where the original contractor has

abandoned his contract and the owner has been forced to spend more money to complete the contract than was due the original contractor under its terms, the subcontractor can recover nothing in his action against the owner for material furnished, there being nothing due the original contractor. C. S., 2437, 2439, 2442.

APPEAL by plaintiff from *Barnhill, J.,* at March Term, 1929, of VANCE. No error.

S. S. Stevenson owned a lot in the city of Henderson. He leased it for a term of years to Stevenson Theatres, Inc., who after erecting on it a building comprising a store, a theater, and offices, made a contract with the Vance Plumbing & Electric Company to do plumber's work, to provide for heating the building and for putting in electrical wiring. The Vance Company gave Stevenson Theatres, Inc., a bond in the penal sum of $4,530, with the Metropolitan Casualty Insurance Company of New York as surety, conditioned to indemnify the obligee from pecuniary loss. The plaintiff furnished the Vance Company electrical material, wiring, fittings, and fixtures, which were used in the building, at the price of $592.54. Sometime prior to 5 February, 1927, the Vance Company abandoned its contract; and on 5 February, 1927, it delivered to Stevenson Theatres, Inc., invoices for material furnished the Vance Company by the plaintiff. Before these invoices were delivered the Vance Company, being insolvent, went into the hands of a receiver. The contract price of the work to be done by the Vance Company was $9,228. The contract provided that the first payment was not to be due before 14 June, 1926, and that subsequent payments should be made every thirty days thereafter, and that each payment, except the last, should include not more than 85 per cent of all labor and materials in the buildings or on the grounds. Stevenson Theatres, Inc., retained 15 per cent (or $1,161.13) of all estimates approved in accordance with the contract; it had in its hands also an additional sum, part of the contract price, when the Vance Company abandoned its contract.

The plaintiff brought suit against the defendants for $592.54, alleging that upon filing its itemized bills for material with Stevenson Theatres, Inc., the latter became indebted to it just as it would have been indebted if the contract had been made between these two parties. The verdict was as follows:

1. Is the Vance Plumbing & Electric Company indebted to the plaintiff for material furnished in the construction of the building upon the premises described in the complaint? If so, in what amount? Answer: $592.54, with interest.

2. If so, did Piedmont Electric Company give notice to the defendants of the existence of said debt prior to the completion of said contract? Answer: Yes.

3. If so, what part, if any, of the contract price was then unpaid? Answer: $2,648.43.

4. Was any part of said contract price then due the contractor? If so, in what amount? Answer: No.

5. Did any part of the unpaid balance on contract price thereafter become due the contractor, and if so, in what amount? Answer: No.

There was no exception to the issues. Judgment for defendants and appeal by plaintiff upon assigned error.

*J. H. Bridgers for plaintiff.*
*Thos. W. Ruffin for defendants.*

ADAMS, J. Although the Vance Plumbing and Electric Company, Stevenson Theatres, Inc., and S. S. Stevenson are named as defendants, the only answer appearing in the record is that of Stevenson Theatres. The first issue, it will be observed, is restricted to the controversy between this defendant and the plaintiff, and the answer to it was entered by consent. As the answer to the second was not seriously contested, it is apparent that the last two issues are addressed to the decisive matters in dispute. It is well to bear in mind that the building for which the materials were furnished was not erected by a county, city, town, or other municipal corporation and is not one of those to which C. S., 2445 applies. It is private property; and the bond given in evidence was executed, not by Stevenson Theatres for the benefit of the plaintiff, but by the Vance Plumbing and Electric Company to save the Stevenson Theatres from pecuniary loss resulting from a breach of the contract. The surety on the bond is not a party to the action.

The Vance Company had become insolvent and had gone into the hands of a receiver before the plaintiff gave notice of its claim to Stevenson Theatres. The jury found, in response to the third issue, that of the contract price for which the Vance Company had agreed to do the work, $2,648.43 was then unpaid. The plaintiff contends that out of this amount its debt should be paid; Stevenson Theatres, Inc., contends that because of the insolvency of the Vance Company it was compelled to complete the work at a cost in excess of the unpaid part of the purchase price, and that it was therefore not indebted to the Vance Company when the plaintiff's notice was served.

The statute which gives to subcontractors and laborers who furnish labor or material for building, repairing, or altering any house, a lien on the house and real estate, provides, also, that the sum total of all liens due subcontractors and material men shall not exceed the amount due the original contractor at the time the notice is given. C. S., 2437. In section 2438 it is provided that the owner of the real estate, after

notice is given him, shall "retain out of the amount due the said contractor under the contract as much as is due or claimed by the subcontractor, laborer, or material man, and that no payment to the contractor shall be a credit on or discharge of the lien." Section 2439 makes it the duty of the contractor, before receiving any part of the contract price, to furnish the owner an itemized statement of the amount owing by the contractor, and likewise makes it the duty of the owner thereupon to retain from the money due the contractor a sum, not exceeding the price contracted for, which shall be sufficient to pay the laborer, artisan, mechanic or material man.

These statutes, considered in connection with those which immediately follow them, contemplate the enforcement of a lien by the contractor, laborer, or material man, after due notice, when the owner neglects or refuses to retain an adequate sum or a proportionate part thereof (C. S., 2442) out of the amount "due the contractor under the contract." Accordingly, it was said in *Clark v. Edwards*, 119 N. C., 115, that the lien is good only for the amount due the contractor, laborer, or material man and that the subcontractor, who can only sue into the contract, can be put in no better condition. See *Building Supplies Co. v. Hospital Co.*, 176 N. C., 87. And in *Mfg. Co. v. Blaylock*, 192 N. C., 407: "The policy of the lien law is to protect subcontractors and laborers against loss for labor done and materials furnished in building, repairing or altering any house or other improvement on real estate, to the extent of the balance due the original contractor at the time of notice to the owner of the claims therefor, but it is not provided that the owner shall be liable in excess of the contract price, unless he continue to pay after notice of claim from the subcontractor or laborer, and these only to the extent of such payments after notice."

Stevenson Theatres, Inc., had the right under the terms of the contract to retain 15 per cent of the contract price until the completion of the work; and if, as found by the jury, the cost of completing the work exceeded the unpaid part of the contract price, there was no amount due the contractor, in contemplation of law, out of which the plaintiff's claim should be paid, at the time its notice was given; and the plaintiff would be entitled to no relief by claiming to be substituted to the rights of the contractor.

It is not necessary to review the cases cited in the appellant's brief, for the reason that the controlling facts in them differ from those in the case under consideration. It may be noted, however, that the first paragraph in the syllabus prefixed to *Lumber Co. v. Hotel Co.*, 109 N. C., 658, seems to be at variance with the fact that "at the time of such notification the defendant owed the said Sanford, as contractor, the sum of $9,025." We find

No error.