BEESON HARDWARE COMPANY v. D. H. BURTNER ET AL.

(Filed 19 November, 1930.)

**Laborers' and Materialmen's Liens C b — Materialman's lien attaches against owner where owner, after notice, pays contractor more than amount of notice.**

Where the owner of a building being erected pays according to the contract his contractor a sum of money in excess of the amount due a materialman after he has received notice, and later the contractor abandons his contract and the owner finishes the building at his loss, the mate-

rialman's lien attaches to the building as an obligation of the owner under the provisions of our statute. C. S., 2438. *Granite Co. v. Bank*, 172 N. C., 354, cited and applied; *Electric Co. v. Electric Co.*, 197 N. C., 495, cited and distinguished.

APPEAL by defendant, D. H. Burtner, from *Stack, J.,* at May Term, 1930, of GUILFORD. No error.

This is an action to recover of the defendants the sum of $688.18, for materials furnished by the plaintiff to the defendants, Phillips & Horner, and used by the said defendants in the construction of a building on land owned by the defendant, D. H. Burtner, under a contract between the defendants dated 18 August, 1926.

Plaintiff notified the defendant, D. H. Burtner, of its claim for said amount on 20 December, 1926, and thereafter on 8 March, 1927, filed a lien for same on the lot of land described in the complaint. This action to recover the amount of said claim and to enforce the lien therefor was begun on 14 May, 1927.

On 20 December, 1926, the defendant, D. H. Burtner, the owner of the lot of land on which the building constructed by the defendants, Phillips & Horner, under the contract dated 18 August, 1926, was located, was indebted to the said Phillips & Horner, and thereafter prior to 8 January, 1927, paid to said contractors the sum of $759.59, for labor done on the said building. On 8 January, 1927, Phillips & Horner notified the defendant, D. H. Burtner, that they were unable to complete said building in accordance with the contract, and had therefore abandoned same. After receipt of said notice, the defendant, D. H. Burtner, completed said building at a cost to him of $1,017.69, in excess of the contract price.

Upon these facts established by the verdict of the jury, it was adjudged that plaintiff recover of the defendant, D. H. Burtner, the sum of $688.18, with interest from 22 December, 1926, and that said judgment was a lien on the lot of land described in the complaint; it was further adjudged that the defendant, D. H. Burtner, recover of the defendants, Phillips & Horner, the sum of $1,017.69, with interest from 1 March, 1927.

From this judgment the defendant, D. H. Burtner, appealed to the Supreme Court.

*D. H. Parsons for plaintiff.*
*King, Sapp & King for defendant.*

PER CURIAM. The judgment to which the defendant, D. H. Burtner, excepted, and from which he appealed to this Court, is supported by the facts established by the verdict of the jury on the trial of this action. The judgment must be affirmed, unless there was error in the

trial of the issues submitted to the jury. *Rutherford Hospital v. The Florence Mills,* 186 N. C., 554, 120 S. E., 212.

We find no error in the trial. There was no substantial controversy as to the facts. In *Granite Co. v. Bank,* 172 N. C., 354, 90 S. E., 312, it is said: "It is immaterial whether the contractor had been paid up in full for work done to the time notice was filed by the materialman. The fact that he continued to work under the same contract for the exterior of the building and thereafter was paid $5,262 for work done under the said contract will make the fund thereafter earned subject to the materialman's lien. *Brick Co. v. Pulley,* 168 N. C., 371, 84 S. E., 513."

The instant case is readily distinguishable from *Electric Co. v. Electric Co.,* 197 N. C., 495, 149 S. E., 858. In that case, no payment for work done on the building, under the contract, after receipt of notice, was made by the owner, whereas in the instant case, the jury found upon defendant's admission that he paid to the contractors, after notice by plaintiff of its claim, a sum in excess of the amount of the claim. The fact that the work for which these payments were made was done after notice, is immaterial. The work was done by the contractors, under the contract, and the payments were made for this work. The contractors did not abandon the contract until after this work was done, and until after these payments were made. See *Mfg. Co. v. Blaylock,* 192 N. C., 407, 135 S. E., 136, where it is said: "The policy of the lien law is to protect subcontractors and laborers against loss for labor done and materials furnished in building, repairing or altering any house or other improvement on real estate, to the extent of the balance due the original contractor at the time of notice to the owner of claims therefor, but it is not provided that the owner shall be liable in excess of the contract price, unless he continue to pay after notice of claim from the subcontractor or laborer, and then only to the extent of such payments after notice." C. S., 2438.

No error.