WINBORNE, J., concurring in result.
STACY, C. J., and BARNHILL, J., join in concurring opinion.
John A. Pearce died a resident of Wilson County, owning lands in both Johnston and Wilson counties. Altogether he owned around eighty-five acres, about fifty-three acres of which lay in Wilson County. The Wilson County lands were encumbered by a first mortgage to the Federal Land Bank of Columbia for about $4,500, and by a second mortgage to the Bank of Lucama for $250.
S.E. High, Sr., cashier of the Lucama Bank, qualified as administrator of Pearce and filed a petition in Johnston County to make assets to pay debts of the administration. In this petition he described three tracts of land, two of them lying in Johnston County and one lying in Wilson County. In his petition he sets up the aforementioned encumbrances on the Wilson County land, and also alleges that Annie Pearce, the widow of John A. Pearce, and a party to the proceeding, had a dower right in the lands of the decedent.
Annie Pearce admitted the allegations of the petition and did not resist the sale of the lands, but she asserted that she had a dower right in them and the right to have her dower allotted to her by metes and bounds. She therefore asked that the lands be sold subject to her dower and signified her intention of having the same allotted to her at a subsequent time by a proper proceeding instituted by herself. Upon this the clerk of the Superior Court of Johnston County ordered that her dower be allotted to her, reciting the admissions and allegations in the petition of a special proceeding, and that all persons having an interest had been made parties to such proceeding. He thereupon issued a "writ of dower" to the sheriff of Johnston County, who thereunder summoned three jurors, citizens and residents of Johnston County, to make the allotment; they proceeded to Wilson County, where the jurors allotted to Annie Pearce five acres of land, including the home but excluding parts of the curtilage. *Page 268 
Report of this allotment was made to the clerk of the Superior Court of Johnston County, and the clerk thereupon confirmed the allotment. No certification of the proceeding was made to Wilson County.
An order was then made to sell the lands of the decedent, both in Johnston and Wilson counties, and a sale thereof was advertised.
Meanwhile, prior to the sale day, S.E. High, Sr., it is alleged, foreclosed the Lucama Bank mortgage of $250 on all of the Wilson County lands, including the part allotted to the widow for dower, and S.E. High, Jr., son of the administrator, became the purchaser at the price of $275. On a subsequent proceeding brought by S.E. High, Jr., Annie Pearce was ejected from the land.
Thereafter, at the public sale, under the order of the clerk, only the two tracts of land in Johnston County were sold, and here again S.E. High, Jr., became the purchaser, at the price of $250.
On 5 January, 1940, Annie Pearce filed a petition and motion before the clerk of the Superior Court of Johnston County, asking that the allotment of dower under this proceeding be set aside as fraudulent, and void as a matter of law.
In her supporting petition she sets up that the administrator, S.E. High, Sr., was cashier of the Bank of Lucama, which held a second mortgage on the Wilson County lands; that his close friends were summoned on the jury which allotted the dower; that he brought about the sale of the Wilson County lands, some fifty acres, upon the Bank of Lucama mortgage after the lands had been advertised under the order of court, and that his son, S.E. High, Jr., became purchaser at the price of $275; that at the judicial sale of the Johnston County lands S.E. High, Jr., again became purchaser at the price of $250, thus acquiring all of the lands, worth at least $6,000, subject to the Land Bank mortgage, for $525.
She alleges that she had never assented to the allotment of dower in the Johnston County proceeding, but, on the contrary, specifically demanded that the lands be sold subject to dower, to the end that she might have the same allotted in a proper proceeding in a court of competent jurisdiction. She therefore contends in her petition that all the proceedings taken before the clerk of the Superior Court relative to the by the sheriff of Johnston and the Johnston County jury making the allotment, were void for want of jurisdiction, and asks that the various orders, writs of dower, allotment and confirmation be set aside in order that she may proceed, as provided by law, to have her dower allotted.
The respondents, S.E. High and S.E. High, Jr., answer, denying any fraud or bad faith; they contend that the allotment of dower was in accordance with the statute, and valid, and was had and done with *Page 269 
consent of movant through her counsel; that the purchase price of the lands was determined by open sale; that the dower allotted to the widow was worth at least $1,250; and, by way of further defense, set up that movant is estopped by reason of the fact that she nowhere in the proceedings took any appeal, that she accepted and occupied the allotted dower, and especially that she set up dower in the proceeding brought by S.E. High, Jr., in which she was ejected from the premises.
The clerk denied the motion to set aside the allotment of dower, and, upon appeal, his order was affirmed by Williams, J., at chambers in Smithfield. From this judgment Annie Pearce appealed.
In the instant case, it does not appear that the experience of the widow with the law was a happy one. Entitled to a dower of one-third in value of around eighty-five acres of land, partly in Wilson and partly in Johnston counties, she was allotted five acres out of the Wilson County tract of thirty-three acres, which tract was sufficient in value under the appraisal of the Land Bank to justify a loan of about $4,500. In addition to this mortgage there was an additional mortgage to the Bank of Lucama of $250, under which this tract of land was sold by S.E. High, Sr., who was cashier of the bank, as well as administrator of the estate, and which was purchased by S.E. High, Jr., at a price which netted only $144, leaving "no equity" for the widow, although in the present proceeding the respondents aver that the small part allotted to the widow as dower was worth $1,250. The widow protests that she is not in the hands of her friends, but in the hands of those moving to the restriction or extinction of her dower in all the lands. After the sale under the Lucama Bank mortgage, the other lands of the decedent in Johnston County were sold and S.E. High, Jr., became the purchaser at $250, thus, as the movant contends, making S.E. High, Jr., the owner of the entire tract of land for $525, including the equities of the widow in a substantial margin of value, and putting him in a position to clear the Land Bank mortgage on easy payments.
We think more consideration might have been given to the widow, and indeed to the statute itself, in view of the beneficence which instigated the institution of dower, to have allotted her dower in other lands of which she could not be stripped so easily. However this may be, upon a consideration of the record we must eliminate the question of fraud as not supported thereby. *Page 270 
The real question upon which decision must rest is that of jurisdiction: Were acts of the clerk of the Superior Court of Johnston County, in allotting dower to the widow in lands situate in Wilson County, void for want of jurisdiction?
A proceeding for the allotment of dower is within the exclusive jurisdiction of the clerk of the Superior Court, except where it may come within the equity jurisdiction of the Superior Court proper, which jurisdiction still persists in appropriate cases despite the statute.Efland v. Efland, 96 N.C. 488, 1 S.E. 858. From early times it has been consistently held by this Court that a dower proceeding must be brought in the county of the residence of the decedent, which in this instance is Wilson County, where also the administrator qualified and filed his bond, and where the lands out of which movant's dower was allotted were situated.Howell v. Parker, 136 N.C. 373, 375, 48 S.E. 762, 763; Askew v. Bynum,81 N.C. 350. The respondent in this case insists that this rule is changed by C. S., 74, relating to sale of the lands of a decedent to make assets to pay debts.
This section does deal with dower as a situation likely to be met with in a proceeding of that kind. It provides that where the lands are sold clear of the dower interest by consent of the widow, a certain part of the proceeds of the sale shall be set apart to her in commutation of dower, but it makes no provision for allotment of dower by metes and bounds. On the contrary, it provides that "nothing herein contained shall be construed to deprive the widow from claiming her dower by metes and bounds in her husband's land." The statute does not provide that such an allotment may be made as incidental to the proceeding to sell the lands to make assets nor does it directly or inferentially provide that the jurisdiction and allotment of dower shall be coincidental with that which the statute creates as a matter of convenience with respect to the proceeding to sell the lands. In its silence in this respect it contemplates that the proceeding for dower shall be had in accordance with law in the proper jurisdiction. Indeed, the proceeding to sell the lands does not necessarily involve any allotment of dower, since the land may be sold subject to dower. "An administrator's sale to pay unsecured debts does not affect the widow's dower, and a purchaser is put upon notice of these rights by the rule of caveat emptor." 17 Am. Jur., 744. In her answer to the petition to sell the lands, the widow asserted her right to dower by metes and bounds, and asked that the land be sold subject to that dower in order that she might have it allotted to her according to law in a court of proper jurisdiction. We think she had that right. Howell v. Parker, supra. In this respect the proceeding before the clerk of the Superior Court of Johnston County was coram non judice and was void for want of jurisdiction. Howellv. Parker, supra. *Page 271 
We come now to consider the contention of respondent that Annie Pearce, through her attorney, gave consent to the procedure. If, indeed, she did so, it was ineffectual to confer jurisdiction. Since 1868 the clerk of the court has had no power except that which is given him by statute. Where judicial power or jurisdiction has been conferred upon him, his court is one of limited jurisdiction, both as to subject matter and the territory in which it may be exercised. McCauley v. McCauley, 122 N.C. 288, 292,30 S.E. 344, 345. He has no more general jurisdiction of dower than he has of administration, the appointment of guardians, or any of the other proceedings, all of which are specially committed to his charge by statute to be exercised within the confines of his own county. An attempt, therefore, to extend his judicial acts beyond this limit in the absence of statutory authority raises a question not merely of venue, but of jurisdiction, both as to subject matter and territorial limits. It is well understood that consent will not give jurisdiction where the court has none of the subject matter. Reaves v. Mill Co.,216 N.C. 462, 465,5 S.E.2d 305, 306; Hardware Co. v. Burtner, 199 N.C. 743, 155 S.E. 733;Fowler v. Fowler, 190 N.C. 536, 130 S.E. 315; Cary v. Allegood,121 N.C. 54, 28 S.E. 536, S.E., 61; Springer v. Shavender, 118 N.C. 33, 23 S.E. 976.
Jurisdiction has been defined as "the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and enforce a judgment," McIntosh, Practice and Procedure, sec. 5;Patterson v. Freeman, 132 N.C. 357, 43 S.E. 905; Williams v. Williams,188 N.C. 728, 125 S.E. 482; "the right to adjudicate concerning the subject matter in a given case," 14 Am. Jur., p. 363; 21 C. J. S., p. 30.
Properly speaking, there can be no jurisdiction of the person where there is none of the subject matter, although the converse might indeed, and often does, occur. Where there is no jurisdiction of the subject matter the whole proceeding is void ab initio and may be treated as a nullity anywhere, at any time, and for any purpose. Clark v. Homes, 189 N.C. 703,128 S.E. 20; Carter v. Rountree, 109 N.C. 29, 13 S.E. 716. Obviously, summons is ineffectual to bring a person into such a court; and if he comes voluntarily, it has no more effect than if he had walked into an empty hall. For this reason a discussion of that matter does not seem essential to a decision in the present case.
In view of the want of jurisdiction in the clerk, it is unnecessary to discuss the fact that the attempted allotment of dower was made in Wilson County by a sheriff and jury from Johnston County, which would in itself be sufficient to render it invalid. In order to avoid resumption of the proceeding by a court without authority, it is necessary to place decision on the broader principle. *Page 272 
On the question of estoppel, we do not think that the respondents have made a sufficient showing. Neither the administrator, S.E. High, nor the purchaser of the Wilson County property, S.E. High, Jr., was disadvantaged by the futile attempt made by Annie Pearce in the ejectment proceeding to assert her right of dower as against a title arising out of a mortgage in which she had released or conveyed that right. The plaintiff in that case won out, ejected the claimant, and honors became easy.
We conclude that the right of dower is still outstanding in petitioner, Annie Pearce, and the judgment of the court below to the contrary is
Reversed.