W. E. LINTHICUM & SONS, INC., v. KELLY CONSTRUCTION COMPANY,
A CORPORATION, AND W. R. LETSON AND WIFE, MRS. W. R. LETSON.

(Filed 1 May, 1957.)

**Parties § 9: Laborers' and Materialmen's Liens § 10—**

Where a subcontractor sues the owners and a named corporation as the
contractor to enforce his lien for materials furnished, but it appears that
the contractor was an individual trading as a company of the same name
as the alleged corporation, and that the individual contractor was not made
a party, nonsuit as to the owners is properly entered, since the principal
contractor is a necessary party to an action to enforce the lien of a sub-
contractor.

APPEAL by plaintiff from *Paul, J.,* at November 1956 Term, of
ONSLOW.

Civil action to enforce alleged subcontractor's lien for materials fur-
nished to contractor for use in constructing a building for and on the
land of defendants Letson.

Plaintiff brings this action against Kelly Construction Company, a
corporation, as the contractor to whom it furnished material for the
above purpose,—a fact denied by answer of individual defendants.
And the evidence offered by plaintiff upon trial in Superior Court tends
to show that Kelly Construction Company, the contractor, was in fact
William E. Kelly, Jr., trading as Kelly Construction Company. And
the record and record of case on appeal fails to show that William E.
Kelly, Jr., so trading, was made a party to this action.

And while plaintiff offered other evidence motion of defendants
Letson made at the close of plaintiff's evidence for judgment as of
nonsuit was allowed. Plaintiff excepts thereto and appeals to Supreme
Court, and assigns error.

*Carl V. Venters for Plaintiff Appellant.*
*Jones, Reed & Griffin for Defendants Appellees.*

PER CURIAM. The principal contractor is a necessary party to an
action to enforce the lien of a subcontractor. *Lumber Co. v. Hotel Co.,*
109 N.C. 658, 14 S.E. 35. Hence at the threshold of this appeal plain-
tiff is confronted with an insurmountable obstacle of not having the
contractor in court as a party to this action.

So holding, it is not deemed expedient at this time to venture upon
discussion of evidence in the case which might prejudice the case, in the
event plaintiff should elect to proceed again under G.S. 1-25.

For reason stated the judgment from which appeal is taken is
Affirmed.