An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1247

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF MARSHALL E. CORNBLUM and MADELINE H. CORNBLUM, husband and wife, Grantors, | Swain County No. 09-SP-77 |

AS RECORDED IN BOOK 362, AT PAGE 776 OF THE SWAIN COUNTY PUBLIC REGISTRY.

v.

WILLIAM RICHARD BOYD, JR., Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 379 AT PAGE 775 OF THE SWAIN COUNTY PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF MARSHALL E. CORNBLUM and MADELINE H. CORNBLUM, husband and wife, Grantors, | Swain County No. 09-SP-78 |

AS RECORDED IN BOOK 332, AT PAGE 904 OF THE SWAIN COUNTY PUBLIC REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 783 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

IN THE MATTER OF THE             Swain County
FORECLOSURE OF THE DEED OF     No. 09-SP-79
TRUST OF MARSHALL E. CORNBLUM
and MADELINE H. CORNBLUM,
husband and wife,
Grantors,

AS RECORDED IN BOOK 329, AT PAGE
851 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

                 v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 785 OF THE SWAIN COUNTY
PUBLIC REGISTRY.


_____

IN THE MATTER OF THE             Swain County
FORECLOSURE OF THE DEED OF     No. 09-SP-80
TRUST OF MARSHALL E. CORNBLUM
and MADELINE H. CORNBLUM,
husband and wife,
Grantors,

AS RECORDED IN BOOK 339, AT PAGE
117 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 791 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF MARSHALL E. CORNBLUM and MADELINE H. CORNBLUM, husband and wife, Grantors, | Swain County No. 09-SP-81 |

AS RECORDED IN BOOK 328, AT PAGE
133 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 777 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF MARSHALL E. CORNBLUM and MADELINE H. CORNBLUM, husband and wife, Grantors, | Swain County No. 09-SP-82 |

AS RECORDED IN BOOK 326, AT PAGE
962 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

-4-

                        v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 789 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

IN THE MATTER OF THE                    Swain County
FORECLOSURE OF THE DEED OF              No. 10-SP-01
TRUST OF MARSHALL E. CORNBLUM
and MADELINE H. CORNBLUM,
husband and wife,
Grantors,

AS RECORDED IN BOOK 336, AT PAGE
646 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

                        v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 779 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

IN THE MATTER OF THE                    Swain County
FORECLOSURE OF THE DEED OF              No. 10-SP-02
TRUST OF MARSHALL E. CORNBLUM
and MADELINE H. CORNBLUM,
husband and wife,
Grantors,

AS RECORDED IN BOOK 346, AT PAGE
565 OF THE SWAIN COUNTY PUBLIC

REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 773 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF MARSHALL E. CORNBLUM and MADELINE H. CORNBLUM, husband and wife, Grantors, | Swain County No. 10-SP-06 |

AS RECORDED IN BOOK 346, AT PAGE
582 OF THE SWAIN COUNTY PUBLIC
REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 379 AT
PAGE 797 OF THE SWAIN COUNTY
PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF LONGBRANCH PROPERTIES, L.L.C., a North Carolina Limited Liability Company, Grantor, | Jackson County 09-SP-451 |

AS RECORDED IN BOOK 1656, AT PAGE 50 OF THE JACKSON COUNTY PUBLIC REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 1829 AT PAGE 270 OF THE JACKSON COUNTY PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF LONGBRANCH PROPERTIES, L.L.C., a North Carolina Limited Liability Company, Grantor, | Jackson County 09-SP-453 |

AS RECORDED IN BOOK 1603, AT PAGE 11 OF THE JACKSON COUNTY PUBLIC REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 1829 AT PAGE 272 OF THE JACKSON COUNTY PUBLIC REGISTRY.

_____

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF THE DEED OF LONGBRANCH PROPERTIES, L.L.C., a North Carolina Limited Liability Company, Grantor, | Jackson County 09-SP-454 |

AS RECORDED IN BOOK 1667, AT PAGE
47 OF THE JACKSON COUNTY PUBLIC
REGISTRY.

v.

WILLIAM RICHARD BOYD, JR.,
Substitute Trustee

SEE APPOINTMENT OF SUBSTITUTE
TRUSTEE AS RECORDED IN BOOK 1829
AT PAGE 268 OF THE JACKSON COUNTY
PUBLIC REGISTRY.

Appeal by Marshall E. Cornblum, Madeline H. Cornblum, Michael Cornblum, Carolyn Cornblum, and Longbranch Properties, LLC, from order entered 6 May 2013 by Judge James U. Downs in Swain County Superior Court.

> *SHANAHAN LAW GROUP, PLLC, by Kieran J. Shanahan, Brandon S. Neuman, and John E. Branch III, for appellants.*

> *VAN WINKLE, BUCK, WALL, STARNES & DAVIS, P.A., by Lynn D. Moffa and Esther Manheimer, for appellees.*

ELMORE, Judge.

After careful review, we hold that the trial court erred in denying the appellants-mortgagors' motion for order denying the appellee-mortgagee's motion to confirm the arbitration award.

The trial court lacked subject matter jurisdiction to enter said order. Accordingly, we vacate the trial court's order.

## I.  **Background**

This case is now before this Court for the second time on appeal. *See In re Cornblum*, ___ N.C. App. ___, 727 S.E.2d 338 (2012), *review denied*, 366 N.C. 404, 734 S.E.2d 864 (2012), *and cert. denied, writ denied*, 366 N.C. 404, 734 S.E.2d 865 (2012) *and review dismissed*, 366 N.C. 404, 734 S.E.2d 866 (2012).  In *In re Cornblum* (*Cornblum I*), the mortgagors, Marshall E. Cornblum, Madeline H. Cornblum, Michael Cornblum, Carolyn Cornblum, and Longbranch Properties, LLC, (appellants) executed thirteen promissory notes secured by deeds of trust on various pieces of real property purchased and developed with the loans. When the mortgagors defaulted on their obligations, United Community Bank (UCB), the mortgagee, commenced twelve separate foreclosure actions in Swain and Jackson County Superior Courts under N.C. Gen. Stat. § 45-21.16 (2011).  *Id*. at ___, 727 S.E.2d at 339.  Appellants demanded arbitration of all claims pursuant to the arbitration agreement contained in each deed of trust. *Id*.  When UCB refused to arbitrate, appellants filed motions to compel arbitration.  *Id*.  Judge James U. Downs granted

appellants' motions to compel arbitration. While the arbitration proceedings were pending, UCB assigned the promissory notes, guaranties, and deeds of trust to Asset Holding Company 5, LLC ("AHC" and collectively, "appellees"). AHC was joined in the arbitration proceedings as a party-claimant, but UCB remained a party for the purposes of appellants' counterclaims. *Id.* at ___, 727 S.E.2d at 340. On 20 September 2010, the arbitrator ruled in favor of appellees on all claims and issued an arbitration award accordingly. *Id.* On 8 October 2010, appellees filed a motion to confirm the arbitration award in Swain County Superior Court. The superior court granted appellees' motion to confirm the arbitration award and denied appellants' motion to vacate the award. *Id.*

Appellants appealed to this Court on the basis that the superior court lacked subject matter jurisdiction to confirm the arbitration award. This Court agreed with appellants, holding that "submitting this case to arbitration and confirming the arbitration award fell outside of the superior court's subject matter jurisdiction." *Id.* at ___, 727 S.E.2d at 342. On 7 May 2012, the Court of Appeals filed its judgment reversing the superior court's order confirming the arbitration award on the

basis that the superior court lacked subject matter jurisdiction.

In March 2013, nearly one year after this Court rendered its decision in *Cornblum I*, appellants, claiming that appellees' motion to confirm the arbitration award was still pending despite this Court's decision in *Cornblum I*, filed a motion for order denying the appellees' motion to confirm the arbitration award. Judge Downs heard appellants' motion and subsequently entered an order denying it. Appellants submitted a notice of appeal to this Court on 3 June 2013. Again, we vacate the trial court's order.

## II. **Analysis**

Appellants (now "the Cornblums") argue that the trial court erred in denying their motion for an order denying appellees' motion to confirm the arbitration award. Given the decision in *Cornblum I*, the Cornblums aver that the trial court was *required* to grant their motion, and, by failing to do so, the trial court acted inconsistently or at a variance with this Court's mandate in *Cornblum I*. We disagree.

Whether an action taken by a superior court complies with a mandate is a question of law reviewed *de novo*. *McKinney v. McKinney*, ____ N.C. App. ____, ____, 745 S.E.2d 356, 358 (2013).

"'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

"Jurisdiction [is] . . . the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and enforce a judgment[.]" *State v. Daniels*, ____ N.C. App. ____, ____, 741 S.E.2d 354, 358 (2012), *appeal dismissed*, *disc. review denied*, 366 N.C. 565, 738 S.E.2d 389 (2013) (quoting *High v. Pearce*, 220 N.C. 266, 17 S.E.2d 108, 112 (1941)). "Properly speaking, there can be no jurisdiction of the person where there is none of the subject matter, although the converse might indeed, and often does, occur." *Id*. at ___, 741 S.E.2d at 359. "Where there is no jurisdiction of the subject matter the whole proceeding is void *ab initio* and may be treated as a nullity anywhere, at any time, and for any purpose." *Id*.

On appeal, the Cornblums acknowledge that in *Cornblum I*, this Court dismissed appellants' action after holding that the trial court lacked subject matter jurisdiction to confirm the arbitration award. Nonetheless, the Cornblums now pray this

Court to reverse the trial court's order and remand with instructions to grant their motion for order denying appellees' motion to confirm the arbitration award. In making such request, the Cornblums completely disregard the basis for this Court's reversal in *Cornblum I*—the lack of subject matter jurisdiction. To the extent that the trial court acted inconsistently or at variance with this Court's mandate, it did so by ruling on the Cornblums' motion, not, as the Cornblums contend, by denying it. *See D&W, Inc. v. City of Charlotte*, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966) (holding that a mandate from an appellate court is binding upon the trial court and "must be strictly followed without variation or departure[,]" [and] "[n]o judgment other than that directed or permitted by the appellate court may be entered"). The trial court was bound by this Court's decision in *Cornblum I*, and, absent subject matter jurisdiction, it lacked authority to either grant or deny the Cornblums' motion. On appeal, this Court must vacate the trial court's order. *See State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (concluding that where the trial court issues an order without the requisite subject matter jurisdiction, "the appropriate action on the part of the appellate court is to arrest judgment or vacate any order

entered without authority"); *see also In re Foreclosure of Young*, ____ N.C. App. ____, ____, 744 S.E.2d 476, 479 (2013) (vacating an order where the trial court exceeded jurisdictional scope in foreclosure hearing by making findings and conclusions regarding an equitable estoppel defense).

### III. <u>Conclusion</u>

The trial court, acting in direct contravention with this Court's holding in *Cornblum I*, erred in ruling on the Cornblums' motion for order denying appellees' motion to confirm the arbitration award. The trial court lacked subject matter jurisdiction to hear the matter. As such, we vacate the trial court's 6 May 2013 order.

Vacated.

Judges McGEE and HUNTER, Robert C. concur.

Report per Rule 30(e).